*Wright, J.,
delivered the opinion of the court:
1. Is non est factum a plea of the general issue in covenant, to which a notice of set-off can be appended ? The act allowing mutual debts and demands to be set off, 29 Ohio L. 121, authorizes ■defendants to plead the “ general issue,” and at the same time to .give notice of offset. It is admitted that in strict legal contemplation, there is no general issue in covenant. According to the common rule, the general issue must put the whole declaration in issue. Non est factum in this case only puts in issue the execution of the covenant. The decisions upon the precise questions are contradictory. 1 Chit. Pl. 561; 1 Stark. 311; S. C., 2 Chit. 388; 1 Chit. Pl. 482; Bull. N. P. 181; 1 Ohio, 155. The practice which has generally obtained in our courts, ever since the passage of the law allowing notices of set-off to be affixed to a plea of the general issue, has regarded non est factum in covenant as a plea of this general issue within the meaning of the legislature. This construction given to the law, from its enactment, by those called to construe it at the bar and upon the bench, is evidence ot its meaning, not to be overlooked. Courcier & Ravesier v. Graham, 1 Ohio, 348, was covenant, in which was a plea of non est factum, with a notice of set-off. Several counsel of high standing in the profession, and of long and extensive practice, were engaged in that case, yet no objection was made on that account; and the late distinguished chief judge (Hitchcock), in pronouncing the decision in the case, says, “the principal object of pleading non est factum, seems to have been to lay the foundation for giving notice.” These evidences of the meaning oí the legislature, in using the terms “ general issue,” united with our belief, that the construction which admits the notice under the plea accords with the spirit and intention of the act and our liberal practice, bring us to the conclusion that the notice may be affixed to the plea, and proof adduced under it.
2. The next proposition we are called to decide in the ease is, *44 whether, in a suit by an administrator, upon the claim of his intestate, it is competent to set off a demand due from the intestate to-the defendant? The statute, 29 Ohio L. 121, authorizes a set-off “of any debt, contract, book account, or other liquidated demand against the plaintiff.” The term plaintiff, as used here, is understood to describe the party whose rights are sought to be enforced by the suit. The act is designed to allow mutual debts to be set 42] off, one against the other, to avoid circuity *of action. For the purposes of justice, it regards one of the demands, to the extent it goes, as extinguishing the other, and provides a judgment for the balance really due. As, therefore, the administrator is pursuing the rights of his intestate, the claim to set off a demand due from the intestate to the defendant is, between the same parties, mutual, and, in our opinion, founded in the law. The coming in of an administrator, by operation of law, to enforce the claim of the intestate, does not change its nature, nor violate the settled-rule, that the claim to be set off must be between the same parties. See also 6 Taunt. 448, 453.
3. Are the claims offered to be set off barred by the statute of limitations? It is agreed by the counsel that E. Granger died in-September, 1819. This suit was commenced in 1832, a period of thirteen years after the cause of action accrued. The right to sue for such claims is limited by our act to six years. The same limitation is supposed to apply to set-offs as to actions. But it is urged that the statute, not having run to its completion in the lifetime of the intestate, was suspended by the death, and only commenced running again when administration was granted; since which, six years have not elapsed. We think it well settled, in ordinary cases, that where the statute of limitations once begins to run upon any subject, it continues to run to its completion, unless interrupted by some act of the party setting up the statute, which places the claim within some of the exceptions pi-ovided in the act. The death of the debtor is not such an act, and does not interrupt the running of the statute; nor does the delay in taking out administration. If a creditor would save his debt from the statute, bar, he should take out administration himself. We do not feel called upon to consider the effect of the fact urged, that the defendant was appointed executor in the will of the decedent, but declined to prove the will, or qualify as executor.
4. The next question propounded to us is: In a suit by an ad *45 ministrator, upon his intestate’s claim, can the defendant set off a demand for money paid after the death of the intestate upon a liability entered into by the defendant, as surety for the intestate? Our judgment resolves the question in the negative. No cause of action or demand against the intestate existed against the intestate at his death. A liability only was incurred, upon which/ on the contingency of the security being compelled to pay for the intestate, he would • have a right of action for his indemnity. A *bare possibility, that in a certain [43 future contingent event, he would have a demand, is not a debt due from the intestate, and. such claim has not the mutuality required for a set-off. Such a demand, though good against the estate, can only look to the general assets for satisfaction. To allow it to be offset, would change the course of distribution of intestate estates. The hardships expected to result from the rejection of this set-off can have no weight with us, unless the law opens the door for their redress.
The result of our opinion would be to award a new trial, be-cause the evidence was ruled out under the notice, but as the parties agree there is no evidence to offer, which is admissible under the points decided, the motion is overruled, and judgment entered on the verdict.