Bray v. Darby.

# EXECUTORS AND ADMINISTRATORS — LIMITATIONS OF ACTIONS.

[Hamilton (1st) Circuit Court, 1908.]

Swing, Giffen and Smith, JJ.

JAMES A. BRAY v. THOMAS H. DARBY, ADMR.

HENRIETTA BRAY v. THOMAS H. DARBY, ADMR.

STATUTORY NOTICE OF APPOINTMENT OF ADMINISTRATOR NOT REQUIRED TO ONE HAVING ACTUAL KNOWLEDGE THEREOF.

Claims accruing during lifetime of decedent on which no proceedings to enforce are instituted within two years of the appointment of his administrator are barred under Sec. 6113 Rev. Stat., notwithstanding statutory notice of issue letters of administration is not given, if claimants have actual knowledge of such appointment.

ERROR to Hamilton common pleas court.

C. C. Benedict, for plaintiff in error.

T. H. Darby, for defendant in error.

SMITH, J.

We are of the opinion that the court of common pleas committed no error in overruling the demurrers to the answers filed in the above cases.

Both claims sued upon accrued before the death of George Schwartz, and while notice of the appointment of the administrator as said George Schwartz was not given as required by statute, yet, so far as the two plaintiffs in error are concerned, such notice would avail them nothing as they had actual knowledge of such appointment. James Bray presented his claim to the administrator, and the same was allowed; Henrietta Bray having actual knowledge of such appointment failed to present her claim to the administrator for allowance.

We therefore conclude both parties waived the formal notice of said appointment as administrator.

The two claims having accrued during the lifetime of decedent, we are of the opinion that this fact brings them within the ruling of *Granger* v. *Granger*, 6 Ohio 35, where it was held that when the statute of limitations begins to run against an intestate in his lifetime, it will run to its completion without interruption by death. This of itself would seem to bar plaintiffs in error from recovery under the allegations of the answer.

Hamilton County.

In addition, however, we think that the plaintiffs in error are barred under Sec. 6113 Rev. Stat., as the notice required by that section would avail neither of the parties as they had actual knowledge of the appointment of the administrator. It was the duty of James Bray and Henrietta Bray to have proceeded to enforce their claims, against the administrator within the statutory time.

These statutes are intended to produce a speedy settlement of estates, and persons holding claims against deceased persons should move with promptness, and not suffer heirs to be harrassed years after a final settlement of the estate is had. *Callamore* v. *Wilder*, 19 Kan. 67.

The judgments therefore will be affirmed.

**Swing** and **Giffen, JJ.,** concur.