SELLS, APPELLANT, *v.* COMISAR, EXRX., APPELLEE.

[Cite as Sells v. Comisar, 14 Ohio App. 2d 199.]

(No. 3206—Decided December 11, 1967.)

*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. Thomas Green,* for appellant.

*Messrs. Bieser, Greer & Landis,* for appellee.

KERNS, J. This is an appeal on questions of law from an order of the Court of Common Pleas of Montgomery County dismissing the plaintiff-appellant's amended petition after sustaining defendant-appellee's demurrer for the reason that the action was barred by the statute of limitations.

According to the amended petition, the defendant's decedent, Ben Comisar, was involved in an automobile collision on December 28, 1964, which allegedly caused personal injuries to the plaintiff, Eugene C. Sells.

Ben Comisar died on September 10, 1966, and his executrix, the defendant, appellee herein, was appointed to that position by the Probate Court of Hamilton County, Ohio, on September 26, 1966.

On January 25, 1967, which was more than two years after the cause of action accrued, but within four months after the appointment of the executrix, a written claim relating to the alleged personal injuries was presented as required by Section 2117.06, Revised Code. The claim was rejected, and the present action was commenced within sixty days.

The only issue presented in this case, as presented by the plaintiff, is whether the death of the tort-feasor who allegedly caused personal injuries, occurring less than two years after the cause of action arose, tolls the operation of the two-year statute of limitations imposed by Section 2305.10, Revised Code.

In 34 American Jurisprudence 170, Section 212, the text responds generally to this question as follows:

"The general principle that when a cause of action has once accrued the statute of limitations will not be suspended by any subsequent disability operates where the statute has attached prior to a person's decease, it being held that his death will not have the effect of suspending its operation; * * *"

This same general principle is set forth in 34 Ohio Jurisprudence 2d 565, Section 90, as follows:

"When the statute of limitations begins to run against an intestate in his lifetime, it will run to its completion without interruption by the death. * * *

"These principles are fully applicable to tort claims. Where a statute of limitations begins to run in the lifetime of a tortfeasor, it continues to run notwithstanding his death, and neither Section 2305.15, Revised Code, nor any other statute specifies that the appointment of an administrator stops or suspends the running of the statute of limitations. * * *"

In the case of *Granger's Admr.* v. *Granger,* 6 Ohio 35, the court said:

"* * * We think it well-settled, in ordinary cases, that where the statute of limitations once begins to run upon any subject, it continues to run to its completion, unless interrupted by some act of the party setting up the statute, which places the claim within some of the exceptions provided in the act. The death of the debtor is not such an act, and does not interrupt the running of the statute; nor does the delay in taking out administration. * * * If a creditor would save his debt from a statute bar, he should take out administration himself. * * *"

To the same effect, see *Bartlow* v. *Kinnard,* 38 Ohio St. 373; 174 A. L. R. 1423,

Although the *Granger case* (1833) is a little tarnished from age, it was cited favorably in the comparatively recent case of *Wrinkle* v. *Trabert, Admr.*, 174 Ohio St. 233, which has many characteristics similar to those of the present case. Therein, at page 236, the court said:

"* * * If it [the cause of action] accrued prior to decedent's death, then clearly the statute of limitations commenced running at that time and was not tolled by decedent's subsequent death. * * *"

Although the court in that case was faced with a more difficult factual situation, some of the principles announced therein can readily be adapted to the facts of the present case.

The plaintiff relies to some extent in his brief upon the saving provision of Section 2305.15, Revised Code, which provides, in part:

"* * * After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought."

In relying upon this provision, the plaintiff argues that death, with its finality, is a departure from the state. While this argument is highly complimentary to the Legislature, it is doubtful that that body would assert any claim to the providential wisdom necessary to reasonably equate death with the type of departure clearly anticipated by the statute.

In view of the foregoing, we are of the opinion that the specific question presented by the plaintiff must be answered in the negative.

Accordingly, the judgment will be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.