ALLISON ET AL., APPELLANTS, *v.* ALLISON ET AL., EXRS., APPELLEES.
ALLISON ET AL., APPELLEES, *v.* ALLISON ET AL., EXRS., APPELLEES; RICHMOND, APPELLANT.

[Cite as Allison v. Allison, 15 Ohio St. 2d 44.]

(Nos. 41101 and 41102—Decided June 19, 1968.)

*Messrs. McKee, Schwer, Taggart & Wehler* and *Mr. Thomas T. Taggart,* for appellants in case No. 41101 and appellees in case No. 41102.

*Messrs. Richmond & Richmond* and *Mr. Charles D. Richmond,* for Charles D. Richmond, Trustee.

HERBERT, J. The assignments of error in the Court of Appeals may be stated as follows:

First assignment of error.

This assignment of error contains two parts. They will be referred to as A and B.

(A) The trial court erred in refusing to conduct a full and complete preliminary hearing on the question of the capacity of the plaintiffs individually to maintain this action, in view of the fact that they are also serving as executors of the will.

(B) The trial court erred when it refused to admit in evidence a deed conveying certain real property of the estate executed by the coexecutors purporting to act under the authority conferred upon them by the will, after their action to contest the will had been commenced.

The remaining assignment of error.

The trial court erred when it failed to treat the trustee's motion to dismiss as a motion to stay the proceedings during such time as appellants continued to appear in the case in dual capacities as individual plaintiffs and as defendants-executors.

*Comer* v. *Comer,* 175 Ohio St. 313, is dispositive of the question raised in paragraph (A) of the first assignment of error. The first paragraph of the syllabus reads:

"The right to maintain an action to contest a will, where placed in issue, should be determined by the court without a jury before the trial on the issue of the validity of the will."

Gibson, J., at page 315 in the opinion, said:

"* * * This is clearly a preliminary question for the court's determination, since it does not involve the question of whether the writing produced is the last will or codicil of the testator. See *Zinn* v. *Ferris, Exr.* (1912), 15

C. C. (N. S.), 148, affirmed without written opinion, 88 Ohio St. 555; *Wilson* v. *Wilson* (1917), 8 Ohio App. 258; *Arnold* v. *Pease* (1914), 24 O. D. 41, 17 N.P. (N.S.), 225.''

The failure of the trial court to dispose of the question of conflict of interest preliminary to trial may have been erroneous, but such error was not prejudicial.

The determination of the question of conflict in interest, in the case at bar, does not involve the question of whether the writing produced is the last will or codicil of the testatrix.

In view of our holding, no significance can be attached to the refusal of the trial court to permit the admission of the deed in evidence. In the event of a new trial, a different set of facts and circumstances will probably make the offer in evidence of the deed unnecessary. Section 2113.23 of the Revised Code may be worthy of consideration in connection with the validity of the title conveyed to the grantee by the deed in question.

This assignment of error requires an answer to the question: Does the record in this cause disclose a conflict of interest, as a matter of law? Our answer is in the affirmative.

The plaintiffs brought this action to invalidate the will. If successful, each plaintiff would stand to gain substantial financial enrichment. As coexecutors they are called upon to assume a solemn trust imposed upon them by their mother in her will, which trust they accepted. They also have accepted a solemn obligation to their own children. As coexecutors, the plaintiffs have the obligation to carry out the trust as provided in the will. It is to their financial *disadvantage* to do this; hence, the plaintiffs seek to nullify the will and its trust.

As coexecutors, the plaintiffs are given effective control over the admission of material evidence by the provisions of Section 2317.02 of the Revised Code. This section, as it applies to the case at bar, provides, that an attorney may not testify concerning a communication made to him by his client in that relation, nor shall a physician testify concerning a communication made to him by his

patient in that relation, except "* * * by the express consent of * * * the executor or administrator of the estate of such deceased client or patient * * *."

The plaintiffs-executors refused to permit either the attorney of the testatrix or her physician to testify in behalf of the will, but called the physician to the witness stand on their behalf. The testimony of the attorney or physician of a deceased testatrix relative to mental condition of the testatrix, her statements as to the will, her execution of the will and other incidents occurring and communications made before and after the execution of the will may be significant. It appears that the coexecutors exercised the powers granted to them by Section 2317.02, *supra,* for the benefit of themselves as plaintiffs but refused the same consent to other interested parties.

It is hardly necessary to discuss this question any further. It is obvious that there is a conflict of interest between the private, individual desires of the plaintiffs and their obligations of trust as executors.

The same law firm represents the plaintiffs as such in the will contest and also represents the coexecutors in connection with their obligations under the terms of the will.

The appellants in case No. 41101 (plaintiffs below) submit two questions in their brief:

1. "Must the children and sole next of kin of a decedent, who are appointed executors of her estate and who undertake the duties as executors in the administration of said estate, resign their appointment as executors if they thereafter file an action as said next of kin to contest the will of said decedent?"

Answer: If the executors-plaintiffs, as individuals, have a financial interest in the outcome of the will contest adverse to the financial interests of other parties in interest, and the powers of the executors, as such, may be used to their advantage as individuals and to the disadvantage of other parties in interest, in a trial of said contest, the executors may continue in that capacity, providing the will contest is dismissed and the estate distributed according to the terms and provisions of the will, or if the executors, as

individuals, wish to continue the contest they may do so if they resign and impartial fiduciaries are appointed for the estate.

2. "Must the duly appointed and acting executors appointed under a will either defend said will in an action in which said will is contested or resign their appointment as said executors?"

Answer: Coexecutors who are also plaintiffs in an action to contest the will are not in a position to defend the will at the same time, and must resign their appointments as executors.

From the foregoing, it follows that the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS and O'NEILL, JJ., concur.

SCHNEIDER, J., dissenting. If the rule were that an executor is unconditionally charged with the duty of defending the will, I would be compelled to concur. However, that is not the law. See *Hecker* v. *Schuler*, 12 Ohio St. 2d 58.

Therefore, I would permit the executor-beneficiaries to maintain the position which they have assumed here, namely, that the will is invalid but that if a jury decides otherwise, they have the right to administer the estate thereunder as the testator intended. During the pendency of the will contest, their duties as fiduciaries are so circumscribed by the statutes as to constitute them no more than custodians of the assets, so that no serious conflicts of interest should arise.

However, as to Section 2317.02, Revised Code, I would hold that the appellants' decision to contest the will and to call the decedent's physician as a witness against her mental competency should be construed as their "express consent" to the testimony of any other physician or attorney as to her competency.

BROWN, J., concurs in the foregoing dissenting opinion.