CAMPBELL, APPELLANT, *v.* STRASBURGER, APPELLEE.

(No. 10593—Decided November 25, 1968.)

*Mr. Andrew W. Cherney, Messrs. Hoover, Beall &
Eichel* and *Mr. Walter Bortz,* for appellant.
*Mr. Ernest Caroselli,* for appellee.

LONG, P. J.   This is an appeal from a judgment of the
Common Pleas Court in a will contest case where the
plaintiff filed suit claiming to be a niece of the testatrix.
A plea in bar to contest the right of the plaintiff to main-
tain the action was sustained; it was proved without dis-
pute that appellant was a niece by marriage and, on
amended petition alleging substantially the same relation-
ship to testatrix, the same ruling was made by the court.
Several continuances were had on the hearing to determine
plaintiff's right to maintain her suit.

In the meantime, counsel for plaintiff learned of a
previous will in which plaintiff was named as a legatee.   An
amendment to the second amended petition was tendered
to the court to show the pecuniary interest of plaintiff as
a legatee and beneficiary under the prior will of the testa-
trix; this third amended petition was accompanied by a
request for leave to file same.   Plaintiff's request was
refused.   The judgment entry dismissing plaintiff's case
contains this language:

"And the application to file a third amended petition
is hereby denied."

Section 2741.01, Revised Code, provides that, "A person *interested* in a will * * * may contest its validity. * * *" (Emphasis added.)

It is the well settled law of Ohio that a person who is a beneficiary under a will has such a pecuniary interest as entitles him to contest another will of the same testator which would destroy, reduce or impair his share in the testator's estate.

This pronouncement of the law is well stated in the first paragraph of the syllabus of the case of *Kennedy, Exr.*, v. *Walcutt*, 118 Ohio St. 442:

"A person who is a beneficiary under a will has such a pecuniary interest in the estate of the testator as entitles him, under Section 12079, General Code, to contest another alleged will of the same testator which would destroy, reduce or impair his share in such estate."

Even where the subsequent will revokes a former will, yet a beneficiary named in the revoked will has such an interest under the statute as permits him to file a will contest against the last will. See *Caswell* v. *Lermann*, 85 Ohio App. 200, paragraph three of the syllabus:

"A person named as a beneficiary under a will and omitted as such under a subsequently executed will which revoked the former will, has such an interest in it that, under Section 12079, General Code, he is eligible to contest it."

Section 1222-5, General Code, is identical with present Section 2741.01 of the Revised Code. In other words, even though the will in contest revokes the will in which plaintiff is a legatee, if the contested will is set aside, the revocation of the former will likewise falls.

It has been urged upon this court that the trial court has a wide discretion in matters of this kind and that this situation is similar to the filing of several demurrers which the court has heard and sustained. If the third amended petition were the same in substance as the first and second petitions, there would be merit to this position, but it is clear that the third petition in this case states a good cause of action and plaintiff is entitled to have a jury decide whether the will in question is or is not the last will and testament of the testatrix. The only question before

58

this court is whether the plaintiff is "a person interested in the will." The law of Ohio says that because she is a beneficiary in a previous will, she is such a person.

The judgment of the court below is reversed and the trial court is ordered to permit the plaintiff to file her petition in that court, as amended, by leave of court.

*Judgment accordingly.*

Hildebrant and Shannon, JJ., concur.