STEINBERG, APPELLANT, *v.* THE CENTRAL TRUST CO., EXR.,
ET AL., APPELLEES; STEINBERG ET AL., APPELLANTS.

(No. 68-333—Decided April 30, 1969.)

34

*Mr. John J. Rivers,* for plaintiff-appellant.

*Messrs. Nichols, Wood, Marx & Ginter* and *Mr. Harry M. Hoffheimer,* for appellees.

*Mr. Joseph Schwartz,* for defendants-appellants.

O'Neill, J. This cause raises two questions of law to be determined by this court.

1. Does a person who brings an action to contest a will and alleges an "interest" in the decedent's estate only as a legatee and devisee under the contested will have a right to maintain such action as a "person interested" in a will within the meaning of Section 2741.01, Revised Code?

2. Does a person named in a will as executor, who qualifies and is appointed by the court as such executor, have a right to maintain an action to contest the will under which he is serving as executor of the decedent's estate?

The answer to both questions is, "No."

Section 2741.01, Revised Code, provides:

"A person interested in a will * * * admitted to probate * * * may contest its validity * * *."

The rule is that "a person interested" is one who, at the time of the commencement of an action to contest a will, has a direct, pecuniary interest in the estate of the putative testator, that would be impaired or defeated if the instrument admitted to probate is a valid will. *Chilcote* v. *Hoffman,* 97 Ohio St. 98; *Kennedy* v. *Walcutt,* 118 Ohio St. 442; *Comer* v. *Comer,* 175 Ohio St. 313; *Bloor* v. *Platt,* 78 Ohio St. 46, at page 49.

In the instant case, the plaintiff alleges that her mother is "the sole heir at law" of the decedent, and thus concedes that if the will were set aside or defeated she, as a granddaughter, would receive nothing. The plaintiff's only claim to the right to contest the validity of the will is as a legatee or devisee under the will. This does not give her a right under the statute to bring an action to contest the will.

Appellants argue that the court should treat the answer of Bernice Steinberg, daughter of the decedent, as a cross-petition. That answer by Bernice Steinberg, the daughter, admits all the allegations of the petition and joins in the prayer of the petition that the will be set aside. Appellants rely upon *Morton* v. *Fast,* 159 Ohio St. 380.

Appellants assert that the fact that Bernice Steinberg

was named by the testator in the will as coexecutor of the decedent's estate, and qualified and appointed as coexecutor does not estop her from contesting the will. Appellants rely upon *Allison* v. *Allison,* 15 Ohio St. 2d 44. In *Allison,* this court held that an executor may not maintain a will-contest action unless he resigns as executor.

The majority of this court is of the opinion that the rule stated in *Allison* should now be extended.

When Bernice Steinberg qualified and accepted appointment as coexecutor of her mother's estate under her mother's will, she assumed a solemn trust imposed upon her by her mother. As a fiduciary, she has an obligation to impartially carry out the provisions of the will. She should not, therefore, be permitted to place herself in a position of conflict with that obligation by becoming the petitioner in an action to set aside the will under which she has accepted appointment and is serving as coexecutor.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT and DUNCAN, JJ., concur.

SCHNEIDER, J., concurs in paragraph one of the syllabus, but dissents from the judgment.