MAYFIELD, EXRX., ET AL., APPELLANTS, *v.* HERDERICK, EXRX., ET AL., APPELLEES.

(No. 85AP-842 — Decided June 19, 1986.)

*Desmond & McFann* and *Earl K. Desmond,* for appellants.

*Thomas R. Clark,* for appellees.

REILLY, J. This is an appeal from

an order of the probate court dismissing plaintiffs' action contesting the validity of the last will and testament of Margaret E. McClain.

Margaret E. McClain died on September 2, 1984, and her will was admitted to probate on October 15, 1984. Plaintiffs filed this action to contest the will on June 24, 1985. They include Lillian Mayfield, the surviving spouse of Edwin H. Mayfield, and all the heirs of Margaret McClain and their dependent children. Edwin Mayfield was Margaret McClain's only child. He died on November 22, 1984. Lillian Mayfield was appointed executrix of his estate on June 6, 1985.

Defendant M. Grace Herderick, individually and as executrix of the estate of Margaret McClain, filed a motion to dismiss on July 9, 1985. The motion was sustained after a hearing before the probate court, and plaintiffs' action was dismissed for failure to commence the action within the time limits of R.C. 2107.76.

Plaintiffs have timely appealed and advance the following assignment of error:

"The trial court erroneously dismissed the complaint based upon a faulty interpretation of R.C. 2107.76."

R.C. 2107.76 reads as follows:

"If within four months after a will is admitted to probate, no person files an action permitted by section 2107.71 of the Revised Code to contest the validity of the will, the probate shall be forever binding, except as to persons under any legal disability, or to such persons for four months after such disability is removed. The rights saved shall not affect the rights of a purchaser, lessee, or encumbrancer for value in good faith, nor impose any liability upon a fiduciary who has acted in good faith, or upon a person delivering or transferring property to any other person under authority of a will, whether or not the purchaser, lessee, encumbrancer, fiduciary, or other person had notice, actual or constructive, of the legal disability."

Plaintiffs assert two arguments in support of their contention that the court erred in interpreting R.C. 2107.76. Plaintiffs contend that the four-month statute of limitations could not begin to run before an executor was appointed to Edwin Mayfield's estate. Plaintiffs also contend that Edwin Mayfield had a right to contest the validity of the will, that this right was not extinguished with his death, and that Mayfield's estate was incapable of bringing the action until a representative was appointed.

Plaintiffs maintain the inability to sue is a legal disability as provided for in R.C. 2107.76. Thus, plaintiffs assert that the four-month statute of limitations did not begin to run until June 6, 1985 when Lillian Mayfield was appointed executrix for Edwin Mayfield's estate.

The definition of "legal disability" is set forth in R.C. 2131.02 which states:

" 'Legal disability' as used in Chapters 2101., 2103., 2105., 2107., 2109., 2111., 2113., 2115., 2117., 2119., 2121., 2123., 2125., 2127., 2129., and 2131. of the Revised Code includes the following:

"(A) Persons under the age of eighteen years;

"(B) Persons of unsound mind;

"(C) Persons in captivity;

"(D) Persons under guardianship of the person and estate, or either."

Neither death nor the inability to sue due to a delay of appointment of a legal representative is included in R.C. 2131.02.

Edwin Mayfield was alive at the time Margaret McClain's will was admitted to probate. It is well-settled that whenever a cause of action has accrued the statute of limitations will not be suspended by any subsequent disability. 34 Ohio Jurisprudence 2d (1958) 565, Limitation of Actions, Section 90;

*E. Granger's Administrator* v. *Granger* (1833), 6 Ohio 35; *Sells* v. *Comisar* (1967), 14 Ohio App. 2d 199, 43 O.O. 2d 401, 237 N.E 2d 624. Thus, the statutory period began to run on October 15, 1984. The Supreme Court in *Case* v. *Smith* (1943), 142 Ohio St. 95, 97, 26 O.O. 282, 283, 50 N.E. 2d 142, 143, wrote:

"The provisions of the statutes relative to an action to contest the validity of a will are mandatory; the enjoyment of the right to maintain such action is dependent upon compliance with the statutory conditions and limitations and a failure to comply extinguishes such right."

It is apparent that plaintiffs did not comply with the statute of limitations. Consequently, the probate court properly dismissed the action.

Plaintiffs also contend that the court erred by dismissing the action because the complaint included claims by minors who are by definition under a legal disability, as R.C. 2131.02 does provide that persons under the age of eighteen years are under a legal disability as used in R.C. Chapter 2107. However, R.C. 2107.71 limits the right to contest a will to "person[s] interested" in the will. "Persons interested" was defined by the court in *Bloor* v. *Platt* (1908), 78 Ohio St. 46, 49-50, 84 N.E. 604, 605, as follows:

"* * * Any person who has such a direct, immediate and legally ascertained pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will, or be benefited by setting aside the will, is 'a person interested.' * * *" See, also, *Chilcote* v. *Hoffman* (1918), 97 Ohio St. 98, 119 N.E. 364.

There is no indication, from the record, that these minors have such a direct pecuniary interest as to qualify as "[a] person interested" within the contemplation of R.C. 2107.71. A copy of decedent's will was not included in the record on appeal. In defendants' brief, however, it is stated that these minors were named as legatees under decedent's will. If the will was set aside, decedent's estate would pass under the laws of intestate succession and the plaintiffs-minors, great grandchildren of the decedent, would take nothing. See R.C. 2105.06.

The minors' claims to the right to contest the will are as legatees under the will. As stated in *Steinberg* v. *Central Trust Co.* (1969), 18 Ohio St. 2d 33, 35, 47 O.O. 2d 154, 156, 247 N.E. 2d 303, 305, the statute does not give them a right under former R.C. 2741.01 (now set forth in R.C. 2107.71) to bring an action to contest the will.

For the foregoing reasons, plaintiffs' assignment of error is overruled, and the judgment of the probate court is affirmed.

*Judgment affirmed.*

McCormac and Stephenson, JJ., concur.

Stephenson, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.