**YORK et al., Appellants,**

v.

**NUNLEY et al., Appellees.**

[Cite as *York v. Nunley* (1992), 80 Ohio App.3d 697.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60242.

Decided July 13, 1992.

Robert A. Kates, for appellants.

Hyatt Legal Services and Elizabeth M. Woda, for appellees.

JAMES D. SWEENEY, Judge.

Plaintiffs-appellants Delores and Doris York appeal from the granting of a motion to dismiss in favor of defendant-appellee William J. Nunley, Executor of the Estate of Georgia B. Jennings Calhoun ("executor").[1] For the reasons adduced below, we affirm.

A review of the record reveals that the York sisters, who are twins, lived with the decedent as foster children from January 1961, shortly after their birth, until the decedent's death in August 1989. The sisters were placed for foster care in the home by the Cuyahoga County Department of Human Services. The decedent never formally adopted the sisters, but the decedent allegedly regarded the sisters as her "children."

The decedent's sole heir at law at the time of her death was Willie Menefee. The Last Will and Testament of the decedent, which was admitted to probate, named Menefee and Nunley as legatees and devisees.

---

1. The Last Will and Testament of the decedent is the subject of Cuyahoga County Common Pleas Court Probate Division case No. 1038272, admitted to probate on November 6, 1989. A copy of this will is not in the record.

On March 6, 1990, within the four-month statute of limitations for filing such an action, the Yorks filed a complaint for will contest pursuant to R.C. 2107.71, claiming that they were the beneficiaries of the entire estate under a later will made by the decedent, which is now lost or destroyed. See R.C. 2107.76. No copies of this later will are in evidence.

Nunley filed his answer on April 5, 1990, raising four affirmative defenses. On that same date, the executor also filed a motion to dismiss the complaint alleging (1) that plaintiffs are not interested parties within the scope of R.C. 2107.71 and therefore lack standing to bring the action, and (2) plaintiffs' failure to join necessary parties to the action. The brief attached to the motion addressed the standing argument but failed to mention or argue the issue of failure to join a party.

Plaintiffs filed a brief in opposition to the motion to dismiss on May 29, 1990.

The court heard the merits of the motion to dismiss on June 29, 1990.[2] The motion to dismiss the complaint was granted, with prejudice, on July 2, 1990.

This timely appeal, raising one assignment of error, followed:

"The trial court erred in dismissing plaintiffs' complaint with prejudice based solely upon defendant's motion to dismiss because there were disputed issues of fact which should have been heard prior to such dismissal."

This court is guided by R.C. 2107.71, which provides in pertinent part:

"(A) A *person interested in a will* or codicil admitted to probate in the probate court, which will or codicil has not been declared valid by judgment of a probate court pursuant to section 2107.084 of the Revised Code, * * * may contest its validity by a civil action in the probate court in the county in which such will or codicil was admitted to probate." (Emphasis added.)

■ This court is also guided by the knowledge that a motion to dismiss a complaint for failure to state a claim for relief under Civ.R. 12(B)(6) may be granted only where, beyond doubt, and accepting all allegations of the complaint as true, a plaintiff can prove no set of facts entitling him/her to recovery. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 229–230, 551 N.E.2d 981, 982–983.

The main issue at hand in this appeal is whether the sisters are "person[s] interested in the will" within the meaning of R.C. 2107.71(A).

The term "person interested" was defined in *Bloor v. Platt* (1908), 78 Ohio St. 46, 49–50, 84 N.E. 604, 605, as follows:

---

2. A transcript of this hearing is not part of the record.

" * * * Any person who has such a *direct, immediate and legally ascertained* pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will, or be benefited by setting aside the will, is 'a person interested.' * * * " (Emphasis added.) See, also, *Chilcote v. Hoffman* (1918), 97 Ohio St. 98, 119 N.E. 364; and *Mayfield v. Herderick* (1986), 33 Ohio App.3d 44, 46, 514 N.E.2d 441, 443.

■ There is no indication from the pleadings that the sisters have such a "direct, immediate and legally ascertained pecuniary interest" as to qualify as "a person interested" within the contemplation of R.C. 2107.71(A). If the will admitted to the court was set aside, the decedent's estate would pass under the laws of intestate succession and the sisters, who are not related to the decedent by law through formal adoption, or through consanguinity, would take nothing. See R.C. 2105.06 *et seq.*, 2105.15, and 3107.01 *et seq.* Accordingly, the sisters have failed to present a claim for relief.

■ Furthermore, we decline to expand to the law of inheritance the very limited and narrow application of the doctrine of "equitable adoption," espoused by the sisters and enunciated in *Lawson v. Atwood* (1989), 42 Ohio St.3d 69, 71–72, 536 N.E.2d 1167, 1169, where the laws of inheritance in this state delineate with specificity those persons who are legal heirs and next of kin of a decedent, the rights of a legally adopted person in matters of inheritance, and the formal requirements in making a valid will.[3] See R.C. 3107.15 and 2107.01 *et seq.*

*Judgment affirmed.*

PATTON, P.J., and PATRICIA A. BLACKMON, J., concur.

---

**3.** In *Lawson v. Atwood,* the doctrine of equitable adoption was applied solely to a wrongful death tort case, where a child died without benefit of a formal adoption and the plaintiff, for purpose of Ohio's Wrongful Death Act (R.C. Chapter 2125), a remedial statute, was considered the parent of the decedent.