JUDGMENT: Judgment affirmed.
ATTORNEYS:
 OPINION
Appellants Steven Elston and Marsha Smith appeal the judgment and order of the Paulding County Probate Court dismissing their complaint to contest the will of decedent Myrtle C. Elston, their paternal grandmother.
Myrtle C. Elston died on May 27, 1998, and a document purporting to be her Last Will and Testament was filed in the Paulding County Probate Court on June 3, 1998. Beneficiaries named in the putative will included, among others, the decedent's daughter and son-in-law, appellees Minota and Richard Bidlack. The decedent's son Harold Elston, who is the appellants' father, was also named as a residual beneficiary. However, the putative will specifically disinherited the appellants themselves.
On September 28, 1998 the appellants filed the complaint at issue in this case, asserting that appellees had exerted undue influence on the decedent and also that the decedent lacked testamentary capacity on the date that the putative will was executed. The complaint does not state appellants' relationship to the decedent, nor does it identify any benefits to which appellants would be entitled if the will were deemed to be void. On December 9, 1998, the trial court issued a pre-trial entry that ordered the parties to complete all discovery by March 12, 1999.
On March 5, 1999, the appellees filed a motion to dismiss the complaint, arguing that the appellants lacked standing to challenge the will because they are not "person[s] interested in [the] will" under R.C. 2107.71. On March 10, 1999, appellants filed notice of intent to take the deposition of the decedent's attorney, and also filed a motion requesting the court to extend discovery for an additional ninety days. On March 18, 1999, the appellants filed a motion seeking leave to file an amended complaint in order to realign the parties, but argued that "such a determination cannot be made" until after the deposition of the decedent's attorney. The court set all the pending motions for hearing on March 22, 1999.
On that date, the court heard oral argument on the pending motions. The appellees argued that because appellants could not inherit from the decedent's estate under the rules of intestacy, that they lacked standing to challenge the will under R.C. Chapter 2107. Appellants argued in response that dismissal would be premature and that continued discovery was required, because the deposition of the decedent's attorney might reveal that a previous will had named them as beneficiaries. In support of this argument, appellants presented a bill from the decedent's attorney which seemed to indicate that a previous will had been prepared at some point in 1996. Appellants also offered the testimony of their father Harold Elston, who indicated that he might be willing to align himself as a party plaintiff but that he wished to see the deposition of the decedent's attorney prior to making his decision.[1] Finally, appellants argued because appellant Steven Elston operated a farm with his father Harold Elston on land owned by the estate, that Steven would achieve direct benefit if Harold's share of the estate were to increase. Appellants asserted that because Harold would be entitled to half ownership in the farm if the estate passed by intestate succession, that the benefit to Harold conferred standing to challenge the will onto Steven.
The court took the several motions under advisement, and April 1, 1999 issued a judgment entry dismissing appellants' complaint "on the grounds that [they] have no standing to maintain the will contest action.[2] Appellants now assert two assignments of error with the trial court's judgment:
 The Paulding County Probate Court's granting of Defendants-Appellees' Motion to Dismiss was against the manifest weight of the evidence and contrary to law.
 The Paulding County Probate Court abused its discretion in overruling Plaintiffs-Appellants' Motions to extend discovery and to amend the complaint.
As appellants' assigned errors raise similar issues for our review, we will address them together. We begin by noting that R.C. 2107.71 et seq. provide the exclusive mechanism to contest the terms of a will in Ohio. The statute reads, in pertinent part:
 A person interested in a will or codicil admitted to probate in the probate court * * * may contest its validity by a civil action in the probate court in the county in which such will or codicil was admitted to probate.
R.C. 2107.71(A). Pursuant to the statute, only "person[s] interested in a will" may contest that will, although the statute does not expressly state what parties are considered "interested." However, the Supreme Court's decision in Steinberg v. Central Trust Co. (1969), 18 Ohio St.2d 33, established a test to determine whether a person qualifies as "interested" under the statute.
 A person interested in a will * * * is one, who, at the time of the commencement of an action to contest a will, has a direct, pecuniary interest in the estate of the putative testator, that would be impaired or defeated if the instrument admitted to probate is a valid will.
Id., paragraph one of the syllabus. The complaint in this case does not allege that appellants have any interest that would be impaired or defeated by a declaration that the putative will is valid. However, appellants offer several arguments as to why they should be deemed to be "interested persons" within the statute.
Appellants first contend that appellant Steven Elston is "interested" under the statute because he works a farm with his father, who would receive a direct benefit if the estate passed by intestate succession. We observe that the Steinberg test requires a "direct * * * interest in the estate of the putative testator" (Emphasis added). Steven Elston's interest in his father's share of the estate is not a "direct" interest. It is a secondary interest that derives from his father's direct interest. It therefore fails to satisfy the Steinberg test, and cannot establish Steven Elston's standing to challenge the putative will.
Appellants next argue that the trial court should have allowed them to amend the pleadings to add Harold Elston as a plaintiff prior to dismissing the complaint. It is uncontested that Harold Elston is "interested" in the will, and Appellants argue that it was improper for the trial court to dismiss the action without allowing them to amend the pleadings to add him as a plaintiff.
We reject this argument, because the record reveals that Appellants never attempted to add Harold Elston as a party plaintiff. Appellants' motion, filed on March 10, 1998, requests "leave to file an Amended Complaint, on or before April 23, 1999" (emphasis added). Harold Elston testified at the hearing on the motion on behalf of appellants, and indicated that he might be willing to align himself as a party plaintiff but that he wished to see the deposition of the decedent's probate attorney prior to making his decision.
 Q: Ah, Mr. Elston, have you considered yourself, realigning yourself as a party plaintiff in this case?
A: Yes I have.
Q: Have you reached a conclusion in regards to that?
MR. WEANER: Objection
 THE COURT: Well it hasn't, I'll allow him to answer this, go ahead, over ruled [sic]
A: Well I would like to see the deposition of Mr. Spriggs
Q: First?
A: First
Moreover, appellants themselves argued that the complaint could not be amended at the time the motion was presented to the court.
 Through extensive discovery conducted to date, and through additional discovery yet to be completed, it appears that an amendment of the pleadings may be necessary. However, such a determination cannot be made until subsequent to the deposition of [the decedent's probate attorney], which is scheduled for April 5, 1999.
Memorandum in Support of Motion for Leave, at *2 (emphasis added). Based on the foregoing, we do not believe that the trial court's decision to overrule appellants' motion for leave to amend was erroneous.
Finally, appellants contend that it was error for the trial court to dismiss the case without first allowing them to depose the decedent's probate attorney. Appellants argue that such a deposition might reveal the existence of a previous will naming them as beneficiaries, thus establishing their "interest" in the decedent's estate.
In addressing this argument, we first observe that if appellants were named in a former will, they may have standing to challenge the putative will at issue in this case:
 A person named as a beneficiary under a will and omitted as such under a subsequently executed will which revoked the former will, has such an interest in it that * * * he is eligible to contest it.
Campbell v. Strasburger (1968), 17 Ohio App.2d 56, 57, quoting Caswell v. Lermann (1948), 85 Ohio App. 200, paragraph three of the syllabus; accord Barnhart v. Barnhart (January 28, 1983), Ross App. No. 921, unreported, 1983 WL 3108 at *2-3. Based on the foregoing authority, appellants can be "parties interested" in the will if they establish that they were named beneficiaries in a former will revoked by the putative will at issue in this case. However, we also observe that the Steinberg test requires appellants to have a direct, pecuniary interest in the estate "at the time of the commencement of an action to contest a will." Steinberg, 18 Ohio St.2d 33, paragraph one of the syllabus.[3] Appellants' complaint never alleged such an interest, and at the time the court decided the motion to dismiss no such interest could be demonstrated.
Finally, we observe that by filing a motion to extend discovery, appellants were essentially requesting the trial court to allow them additional time to establish their standing to challenge the will. Because appellants were required to allege their "interest" at the time of the commencement of the action, we can see no error in the trial court's decision to terminate discovery. Moreover, regulation of discovery is well within the discretion of the trial court, and a trial court's discovery rulings will not be overturned absent a clear abuse of that discretion.
See, e.g., State ex rel. The V Cos. v. Marshall (1998), 81 Ohio St.3d 467,469. An abuse of discretion is more than a mere error of law or judgment, it connotes an arbitrary, capricious or irrational decision. See id. The putative will in this case was admitted to probate on June 3, 1998, the will contest complaint was filed on September 28, 1998, and on December 9, 1998, the court ordered that discovery relating to the will contest "shall be completed on or before Friday, March 12, 1999." We cannot say that the trial court's decision to enforce its prior order and terminate discovery over nine months after the putative will was admitted to probate and nearly six months after this action was filed constitutes an abuse of discretion.
For these reasons, the appellants' assignments of error are overruled, and the judgment of the Common Pleas Court of Paulding County, Probate Division, is affirmed.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.
[1] As a beneficiary of the putative will, Harold Elston was named as a defendant in this action. See R.C. 2107.73. However, the putative will contained an in terrorem clause providing that any beneficiary who chose to contest the will would receive nothing from the estate. Therefore, if Mr. Elston is realigned as a party plaintiff, his bequest might terminate if the putative will is ultimately found valid. See Bazo v. Siegel, et al. (1979), 58 Ohio St.2d 353, 355.
[2] The trial court's order did not directly address the other motions. However, dismissal of an action is deemed to overrule all pending motions. See, e.g., Maust v. Palmer (1994), 94 Ohio App.3d 764,769.
[3] In the only reported case on this issue, the Supreme Court held the language "at the time of the commencement of an action" to require interests to be vested at the time of the commencement. Cf. Bazo, 58 Ohio St.2d at 355-56.