[Cite as *Abraitis v. Gallagher*, 2014-Ohio-2987.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101037

## SARUNAS V. ABRAITIS, EXECUTOR
## OF THE ESTATE OF VLADA SOFIJA STANCIKAITE
## ABRAITIS

RELATOR

vs.

## LAURA J. GALLAGHER, JUDGE

RESPONDENT

### JUDGMENT:
### COMPLAINT DISMISSED

Writ of Prohibition
Motion No. 473884
Order No. 475487

**RELEASE DATE:** July 2, 2014

**ATTORNEY FOR RELATOR**

Catherine M. Brady
4417 W. 189th Street
Cleveland, Ohio 44135

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By: Charles E. Hannan
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

**{¶1}** Relator, Sarunas V. Abraitis, in his individual capacity and his capacity as Executor of the Estate of Vlada Sofija Stancikaite Abraitis[1] (collectively referred to as "Abraitis" or relator herein), filed a complaint seeking a writ that prohibits respondent, Judge Laura J. Gallagher, from acting in the matter of *Vivian Abraitis-Newcomer, Personal Representative of the Estate of Vytautas T. Abraitis v. Sarunas V. Abraitis*, Cuyahoga C.P. Probate No. 2014 ADV 19500 (the "Probate Court Action"), based on an alleged lack of subject matter jurisdiction. Respondent has filed a motion to dismiss that the relator has opposed. The respondent's motion is granted for the reasons that follow.

*Facts*

**{¶2}** Relator is the fiduciary for the Estate of his mother, Vlada Sofija Stancikaite Abraitis ("Vlada"), who died on December 16, 2008. Vivian Abraitis-Newcomer ("Newcomer") is the fiduciary for the estate of Vytautas T. Abraitis ("Vytautas"), who was relator's brother and also Vlada's son.[2]

**{¶3}** Vlada's will, dated June 30, 1978, was admitted to probate on October 4, 2011. Relator and Vytautas were the sole and equal beneficiaries under that will because

---

[1]Relator was appointed as fiduciary of Vlada's estate in *In re Estate of Vlada Sofija Stancikaite Abraitis,* Cuyahoga C.P. Probate No. 2011 EST 172533 on October 5, 2011, vacated December 16, 2013, and appointed December 16, 2011.

[2]The father of both relator and Vytautas was Vincas Abraitis ("Vincas") who died on April 27, 1992.

Vincas had predeceased Vlada. Relator indicates that efforts to make an initial disbursement from Vlada's estate to Vytautas were either refused by him or "barred by" Newcomer. Vytautas died on November 13, 2013, while his mother's estate was still being administered. A second will, dated January 8, 1993, was admitted to probate on December 12, 2013, approximately one month after Vytautas died and five years after Vlada had died. Relator is the sole beneficiary under this later admitted will, provided he survived Vlada by 30 days.

{¶4} The Probate Court Action, filed on January 13, 2014, involves a complaint filed on behalf of Vytautas's estate for a will contest and declaratory judgment, which petitions the court for relief, including a request for an order to set aside the alleged Last Will and Testament of Vlada Sofija Abraitis, dated January 8, 1993, as void and a declaration that a certain survivorship deed is invalid. In addition to being the personal representative for Vytautas's estate, Newcomer is also the former wife of Vytautas and the sole beneficiary of his estate. Vytautas and Newcomer did not have any children together. Newcomer later married David Fuller Newcomer ("David"). Relator avers that Vytautas moved to Florida in 2006 to help care for David after a household accident. Vytautas reportedly lived with the Newcomers and paid them rent until he died.

{¶5} Relator commenced this action asserting that the probate court lacks jurisdiction to act in the Probate Court Action because, he maintains, Newcomer is without standing to maintain it.

*Analysis*

{¶6} In order for this court to issue a writ of prohibition, relator is required to demonstrate each prong of the following three-part test: (1) respondent is about to exercise judicial power; (2) the exercise of judicial power by respondent is not authorized by law; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶ 14. In addition, prohibition does not lie, if relator has or had an adequate remedy in the ordinary course of the law, even if the remedy was not employed. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981); *State ex rel. Sibarco Corp. v. Berea*, 7 Ohio St.2d 85, 218 N.E.2d 428 (1966).

{¶7} Prohibition does not lie unless it clearly appears that the court possesses no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941). Also, prohibition will not issue to prevent an erroneous judgment, or serve the purpose of an appeal, or to correct errors committed by the lower court in deciding questions within its jurisdiction. *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 90 N.E.2d 598 (1950). Furthermore, prohibition should be used with great caution and not issue in doubtful cases. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940).

{¶8} However, when a court is patently and unambiguously without jurisdiction to act, the existence of an adequate remedy at law will not prevent the issuance of a writ of prohibition. *Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶ 16.

Nevertheless, absent a patent and unambiguous lack of jurisdiction a court possessing general jurisdiction of the subject matter of an action has the authority to determine its own jurisdiction. *Id.* at ¶ 15. A party challenging the court's jurisdiction possesses an adequate remedy at law through an appeal from the court's judgment that it possesses jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997); *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 1992-Ohio-132, 597 N.E.2d 116. Finally, this court possesses discretion in issuing a writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

{¶9} Relator maintains that respondent lacks subject matter jurisdiction to act in the Probate Court Action. Specifically, he maintains that respondent patently and unambiguously lacks jurisdiction based on Newcomer's alleged lack of standing. Respondent has filed a motion to dismiss on the basis that the probate court has the statutory and exclusive jurisdiction to determine the action and maintains that relator has an adequate remedy at law.

{¶10} The probate court is a court of limited jurisdiction and its proceedings are restricted to those permitted by statute and by the constitution. *State ex rel. Lee v. Trumbull Cty. Probate Court*, 83 Ohio St.3d 369, 372, 700 N.E.2d 4 (1998). Newcomer commenced the Probate Court Action to contest a will and obtain a declaratory judgment. Relator does not dispute that the court has basic statutory jurisdiction over the action pursuant to R.C. 2101.24(A)(1)(p) and R.C. 2101.24(A)(1)(l).

**{¶11}** However, relator asserts that Newcomer lacks standing to bring the action. Respondent conversely maintains that because Newcomer is arguably an interested person, jurisdiction is not patently and unambiguously lacking and, therefore, a writ cannot be issued because there is an adequate remedy at law.

**{¶12}** Relator first maintains that respondent has not adequately established the probate court's jurisdiction to act with regard to each claim in the Probate Court Action. However, the declaratory judgment and the will contest are part of the same complaint and, with regard to Newcomer's standing, they are interrelated and involve a similar factual analysis. Both with regard to the declaratory judgment and the will contest, the parties focus on debating whether Newcomer is an interested party within the context of the applicable statutes.

**{¶13}** R.C. 2721.05 provides:

Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, an incompetent person, or an insolvent person, may have a declaration of rights or legal relations in respect thereto in any of the following cases:

(A) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others;

(B) To direct the executors, administrators, trustees, or other fiduciaries to do or abstain from doing any particular act in their fiduciary capacity;

(C) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

**{¶14}** R.C. 2107.71(A) provides:

(A) A person interested in a will or codicil admitted to probate in the probate court that has not been declared valid by judgment of a probate court pursuant to section 2107.084 of the Revised Code or that has been declared valid by judgment of a probate court pursuant to section 2107.084 of the Revised Code but has been removed from the possession of the probate judge, may contest its validity by filing a complaint in the probate court in the county in which the will or codicil was admitted to probate.

{¶15} "An interested party has been defined as: 'any person who has such a direct, immediate and legally ascertained pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will, or be benefitted by setting aside the will * * *.'" *In re Estate of Scanlon*, 8th Dist. Cuyahoga No. 95264, 2011-Ohio-1097, ¶ 12, citing, *York v. Nunley*, 80 Ohio App.3d 697, 610 N.E.2d 576 (8th Dist.1992), quoting *Bloor v. Platt*, 78 Ohio St. 46, 49-50, 84 N.E. 604 (1908).

{¶16} Newcomer is the fiduciary of Vytautas's estate and, under Ohio law, "an administrator of an estate functions in a fiduciary capacity and, pursuant to R.C. 2113.25, he has a duty to collect all of the assets of the estate." *In re Estate of Stanley*, 6th Dist. Erie No. E-83-25, 1984 Ohio App. LEXIS 9297 (Mar. 9, 1984) (estate administrator had a duty to pursue uninsured motorist claim on behalf of the estate); *see also Jelke v. Goldsmith*, 52 Ohio St. 499, 40 N.E. 167 (1895), paragraph one of the syllabus ("An administrator de bonis non has the right and power to sue for and recover the assets of the estate wherever found.") Secondly, if Vytautas is entitled to inherit from his mother's estate, Newcomer, as the sole beneficiary of his estate, will ultimately individually benefit. Relator indicates that Newcomer has filed some documents in the Probate Court Action in her representative capacity, while other filings designate her in an individual

capacity. Notably, relator also contends in opposition to respondent's motion that Vytautas waived his direct pecuniary interest in the estate by allegedly refusing an initial distribution. This, however, would support a finding that Vytautas's estate has or had a direct pecuniary interest in the Vlada's estate and would leave the issue of waiver for determination by the probate court. Finally, relator has not cited any case where a writ of prohibition was issued under any factually analogous circumstances. Accordingly, relator has not established that respondent is patently and unambiguously without jurisdiction to act in the Probate Court Action. Respondent has basic statutory jurisdiction over the Probate Court Action and can properly determine whether Newcomer has standing to pursue the action.

{¶17} "We need not rule on the merits of [these jurisdictional claims], because our duty is limited to determining whether jurisdiction is patently and unambiguously lacking." *Goldberg v. Maloney*, 111 Ohio St.3d 211, 2006-Ohio-5485, 855 N.E.2d 856, ¶ 45, quoting *Zitter*, 106 Ohio St.3d 87, 2005- Ohio-3804, 831 N.E.2d 1003, ¶ 28. Relator can pursue an appeal of the trial court's ruling on Newcomer's standing and, therefore, has an adequate remedy at law. Because Newcomer has an adequate remedy at law by way of appeal, which is not contested, relief through an original action is inappropriate. *E.g.*, *In re Scanlon,* 8th Dist. Cuyahoga No. 95264, 2011-Ohio-1097; *see also State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2.

{¶18} Respondent's motion is granted.

{¶19} Relator to pay costs. The court directs the clerk of courts to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶20} Complaint dismissed.

_____
MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR