No. 9

MURRAY v. REMUS

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2650. Decided June 8, 1925

1085. SERVICE—1. Removal of person to Federal Prison does not change his place of usual residence as contemplated in 11286 GC.

2. Such removal lacks the element of choice or volition.

BUCHWALTER, P. J.

J. W. Murray, sued George Remus, a non-resident of Ohio, in the Hamilton Common Pleas for conversion. Summons was issued and returned as having been served on Remus "at his usual place of residence" on July 8, 1924, service having been made under 11286 GC. A motion to quash was filed by Remus, two affidavits being offered to support said motion, and one against the motion. Upon hearing it was granted by the court and Murray prosecuted error to the Court of Appeals which held:

1. It is conceded by both parties that Remus is and has been since Jan. 24, 1924, confined in the Atlanta Penitentiary, Fulton County, Georgia.

2. The affidavits filed for Remus are to the effect that he has not been a resident of Hamilton County since Jan. 24, 1924; and that he had no present intention of returning to Ohio.

3. Murray's affidavit stated that prior to Remus' incarceration, he maintained a residence in Cincinnati which at the time of the service was occupied by his wife.

4. "Residence in a place, to produce a change of domicile, must be voluntary. If therefore it be by constraint or involuntary, as arrest, imprisonment, etc., the antecedent domicile of the party remains."

5. The removal of Remus to the Federal Prison did not change his place of usual residence as contemplated in 11286 GC. His removal lacked the element of choice or volition.

6. Residence resulting from operation of law supervenes upon a disability to make a choice. Sturgeen v. Kerte, 24 OS. 525 at 535.

7. Under the facts in this case and under authorities, "the usual place of residence" of Remus, at the time of service of summons was in Cincinnati, and such service was had at his "usual place of residence."

8. The court erred in granting the motion to quash and judgment will be reversed with instructions to overrule the motion.

Judgment reversed.

Attorneys—Matthews & Matthews and Anthony P. Conlon for Murray; Lorbach & Garver for Remus; all of Cincinnati.

Note—Motion to certify record overruled by Supreme Court. 3 Abs. 690.

---

No. 10

NAT'L. CASH REGISTER CO. v. SMERDA

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5755. Decided Oct. 5, 1925

297. CONTRACTS — A binding contract does not result from an offer which has been revoked before acceptance.

LEVINE, PJ.

The National Cash Register Company brought an action against F. Smerda in the Cleveland Municipal Court to recover on an alleged paper purporting to be a contract. In substance this paper was an agreement signed only by Smerda asking the Register Co. to make him a register and ship it to him. The agreements of payment were also included in this writing.

On the following day Smerda countermanded the order and notified the Company not to manufacture the register. About 25 days later the Company accepted Smerda's alleged writing. The Company relies on 8443 GC. which reads in part that :

"When, under a contract to sell or a sale, the price is payable on a day certain, irrespective of transfer of title, and the buyer wrongfully neglects or refuses to pay such price, the seller may maintain an action for the price, although property in the goods has not passed and the goods have not been appropriated to the contract, etc." Judgment in the lower court was entered in favor of Smerda.

On error proceedings the Court of Appeals held:

1. The paper in question was signed only by Smerda and was therefore merely an offer to buy and nothing more.

2. It is a rule of the law of contracts that a mere offer will not constitute a valid contract until such offer is accepted; and same must be accepted before revocation by the offerer.

3. In the light of this rule, the alleged offer was made Jan. 5th, revoked Jan. 6th, and the letter of acceptance was not mailed until Jan. 29th. Therefore no contract existed.

Judgment affirmed.

Attorneys—Geo. E. Hagenbuch for Register Co.; Fred E. Bruml for Smerda; both of Cleveland.