Bowers, Gdn., Baughman, Appellant, *v.* Baughman, Appellee.

[Cite as Bowers v. Baughman (1972), 29 Ohio App. 2d 277.]

(No. 1499—Decided April 5, 1972.)

*Mr. David A. Little,* for appellant.

Guernsey, P. J. On August 11, 1971, Mrs. Fred Bowers, describing herself as the "natural sister of the plaintiff Howard Leroy Baughman" filed complaint for divorce in the Court of Common Pleas of Allen County as if Baughman were the plaintiff and simultaneously requested that she be appointed, and was appointed, his guardian ad litem. The complaint alleged his residence in the state of Ohio for more than one year next preceding its filing but had no allegation as to any residence in Allen County. Upon hearing it was developed by evidence and representations of counsel that at the time the complaint was filed Baughman was an inmate of the Lima State Hospital as a psychopathic offender and had been for more than three months, that he had been married at Fremont, Ohio (Sandusky County), and, at the time of hearing had been released and was living in Oak Harbor, Ohio (Ottawa County). Although there was evidence of actions of his wife which might constitute grounds for divorce there was no evidence of where such matters occurred. Though he was committed by the Common Pleas Court "of Fremont," there was

no evidence of his residence prior to commitment, of any abandonment thereof, or of any intention by him to make the Lima State Hospital his residence. The divorce action was uncontested by the wife, but was dismissed by the trial court on its finding that neither Baughman nor his wife had ever been a resident of Allen County.

Baughman appealed from the judgment of dismissal assigning as error that same is contrary to law and against the manifest weight of the evidence, contending principally that he had acquired residence to maintain his action by virtue of his commitment to the Lima State Hospital located in Allen County.

Without reference to some of the other apparent questions raised by the record, such as the right of "Mrs. Fred Bowers" to initiate the action as Baughman's "guardian ad litem" (or next friend) when there was no showing that he had ever been declared incompetent, such as the failure to allege county residence, and such as the fact that at the time of trial Baughman was living in Oak Harbor and not in Allen County, there is no showing in the record of any residence in Allen County to support the venue requirement set forth in Civil Rule 3(B)(9) providing "Proper venue lies * * *: (9) In actions for divorce * * * in the county in which the plaintiff is and has been a resident for at least ninety days immediately preceding the filing of the complaint; * * * ."

It was Baughman's burden to prove venue and his only evidence of such in Allen County was the mere proof of his involuntary commitment to the Lima State Hospital. As stated by Judge Buchwalter in an unattributed quote in *Murray* v. *Remus* (App.), 4 Ohio Law Abs. 7:

" 'Residence in a place to produce a change of domicile, must be voluntary. If therefore it be by constraint or involuntary, as arrest, imprisonment, etc., the antecedent domicile of the party remains.' "

Similarly, *Sturgeon* v. *Korte*, 34 Ohio St. 525, 535:

" * * * A person under confinement for crime can not adopt a new residence until discharged from imprisonment. * * * "

And 28 Corpus Juris Secundum 29, Domicile, Section 12g (7):

"Generally, a person's domicile is not changed by involuntary confinement in a penitentiary or other prison, but in such case his former domicile remains. * * * "

We conclude that there was no proof that Baughman, or his wife, had ever acquired a residence in Allen County.

Appellant then contends that the matter of venue is not jurisdictional and relies on Civil Rule 3(G) in support of his contention. Notwithstanding, that such rule does so state, such statement is made in conjunction with a further statement that no judgment based on improper venue shall be void or subject to collateral attack. The entire rule 3(G) is then qualified by the statement that "nothing here shall affect the right to appeal an error of court concerning venue." Here the trial court refused to enter a judgment of divorce based on improper venue. Had it done so, the judgment, though not void, would be voidable. It then might not have been subject to collateral attack, but would have been subject to direct attack by way of appeal.

Had there been evidence of the county of residence of Baughman, or of his wife, or of the county in which the cause of action arose the provisions of Civil Rule 3(C) requiring the transfer of the action to a county of proper venue might have been invoked but on the record which was before the trial court and now before us a county of proper venue cannot be determined.

We conclude that the judgment of the Common Pleas Court dismissing the complaint must be affirmed.

*Judgment affirmed.*

Cole and Crawford, JJ., concur.

Crawford, J., of the Second Appellate District, sitting by designation in the Third Appellate District.