THE STATE, EX REL. SAUNDERS, *v.* COURT OF COMMON PLEAS OF ALLEN COUNTY.

[Cite as State, ex rel. Saunders, *v.* Court of Common Pleas of Allen Cty. (1987), 34 Ohio St. 3d 15.]

(No. 87-316—Decided December 9, 1987.)

*Matthew S. Saunders, pro se.*
*Matt C. Staley,* prosecuting attorney, for respondent.

*Per Curiam.* We deny the writ because relator has a plain and adequate remedy in the ordinary course of law by way of appeal to the Court of Appeals for Allen County. R.C. 2731.05; Civ. R. 3(G); *State, ex rel.*

*Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631. See *Hoffman* v. *Knaus* (App. 1952), 72 Ohio Law Abs. 389, 135 N.E. 2d 700; *Fuller* v. *Fuller* (1972), 32 Ohio App. 2d 303, 61 O.O. 2d 400, 290 N.E. 2d 852. Moreover, the writ will not issue to control judicial discretion. R.C. 2731.03; *State, ex rel. Sawyer,* v. *O'Connor* (1978), 54 Ohio St. 2d 380, 8 O.O. 3d 393, 377 N.E. 2d 494. We pause to note, however, that relator's confusion is understandable.

Although respondent's judgment entry dismissing relator's divorce complaint cites as the reason therefor lack of subject-matter jurisdiction, the language of the order suggests a dismissal for lack of venue under Civ. R. 3(B). Relator argues at length that venue is proper in Allen County under Civ. R. 3(B)(9), which provides that proper venue lies:

"In actions for divorce, annulment or for alimony in the county in which the plaintiff is and has been a resident for at least ninety days immediately preceding the filing of the complaint."

"Resident" is not defined for purposes of Civ. R. 3(B)(9); however, this and other courts have construed R.C. 3105.03, which places a six-month state residence requirement on plaintiffs in divorce actions, as imposing a requirement for domicile in the sense of a permanent home, where one actually resides with intent to remain. *Coleman* v. *Coleman* (1972), 32 Ohio St. 2d 155, 61 O.O. 2d 406, 291 N.E. 2d 530; *Saalfeld* v. *Saalfeld* (1949), 86 Ohio App. 225, 41 O.O. 94, 89 N.E. 2d 165; *Glassman* v. *Glassman* (1944), 75 Ohio App. 47, 42 Ohio Law Abs. 385, 30 O.O. 352, 60 N.E. 2d 716. A similar interpretation would seem to apply to Civ. R. 3(B)(9).

Moreover, although sparse, precedent in this state indicates that this residence is not altered by imprison-ment or other involuntary commitment. In *Sturgeon* v. *Korte* (1878), 34 Ohio St. 525, at 535, this court stated (albeit in dictum):

"* * * A person under confinement for crime can not adopt a new residence until discharged from imprisonment. Such disability is said to arise from the general principle that a person under the power and authority of another possesses no right, or is incapacitated, to choose a residence. Story's Conflict of Laws, Section 46."

In *Murray* v. *Remus* (App. 1925), 4 Ohio Law Abs. 7, motion to certify overruled (1925), 3 Ohio Law Abs. 690, 691, the Court of Appeals for Hamilton County held:

"4. 'Residence in a place, to produce a change of domicile, must be voluntary. If therefore it be by constraint or involuntary, as arrest, imprisonment, etc., the antecedent domicile of the party remains.' "

In *Bowers* v. *Baughman* (1972), 29 Ohio App. 2d 277, 58 O.O. 2d 492, 281 N.E. 2d 201, the Court of Appeals for Allen County held that a psychopathic offender committed to Lima State Hospital could not gain residence in Allen County for divorce purposes under Civ. R. 3(B)(9).

Accordingly, it would appear that relator can establish no clear right to relief under present law.

On the face of this record, it is impossible to determine whether relator had and thus retains state residence under R.C. 3105.03 and county residence in Cuyahoga County under Civ. R. 3(B)(9), or whether venue in Cuyahoga County or any other county is proper under any other division of Civ. R. 3(B). If so, then such county would appear a proper forum for the divorce action. On the other hand, if relator can prove state residence for purposes of R.C. 3105.03, but no proper venue under Civ. R. 3(B)(1) through (9), then

Civ. R. 3(B)(10) would seemingly apply. Civ. R. 3(B)(10) provides:

"If there is no available forum in subsections (1) through (9) of this subdivision, [venue is proper] in the county in which plaintiff resides * * *."

We note that Civ. R. 3(B)(10) uses the term "resides," rather than the term "resident," as is used in Civ. R. 3(B)(9). In his treatise on civil procedure, Judge McCormac suggests that the term, "resides," as used in Civ. R. 3(B)(10), ought to be "liberally construed and not confused with [the] requirements for domicile." McCormac, Ohio Civil Rules Practice (1986 Cum. Supp.) 14, Section 2.04.

Accordingly, we note that under some circumstances an incarcerated or involuntarily committed person may be able to have an action properly venued in the county of incarceration or commitment. However, such a determination awaits a proper case.

For reason of the foregoing, the writ of mandamus is denied.

*Writ denied.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.