## In re TRIPP.

[Cite as *In re Tripp* (1993), 90 Ohio App.3d 209.]

Court of Appeals of Ohio,
Wood County.

No. 93WD–58.

Decided Sept. 10, 1993.

---

*Craig F. Frederickson* and *Douglas W. King,* for appellant Paul E. Tripp.

*Marvin E. Keller, pro se.*

*Per Curiam.*

This is an accelerated appeal of a judgment of the Wood County Court of Common Pleas, Probate Division, and was submitted on the briefs pursuant to Loc.App.R. 9(B). Appellant, Paul E. Tripp, appeals the appointment of appellee, Marvin E. Keller, as guardian of the person and the estate of Paul's mother Delores Tripp due to her incompetency.

Briefly, Delores Tripp resided at 932 Pearl Street in Wood County, Ohio, for over twenty years. In 1991, the Wood County Department of Human Services obtained an order from the Wood County Probate Court removing Delores from her home pursuant to the Adult Protective Services provisions of R.C. 5101.60 *et seq.* Delores, due to her mental disabilities, was placed, by order of the court, in a group home where she would received appropriate care. No such facilities were available in Wood County. Initially, Delores was placed in a facility in Seneca County and was later transferred to a similar facility in Lucas County. At the time appellee filed his motion for his appointment as the guardian of Delores Tripp's person and estate, she was still placed at the Lucas County facility. However, testimony at the hearing on this matter revealed that Delores stayed overnight at her Pearl Street residence on a one-weekend-per-month basis. Additionally, appellant's testimony clearly indicated that even though he was living in the Pearl Street residence, that dwelling was the property of Delores Tripp.

In his sole assignment of error,[1] appellant asserts that the trial court lacked jurisdiction to appoint a guardian for Delores Tripp because the requisites of R.C. 2111.02(A) were not satisfied. That statute provides:

"When found necessary, the probate court on its own motion or on application by any interested party shall appoint, * * * a guardian of the person, the estate, or both, of a minor or incompetent, provided the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement in the county * * *."

Appellant contends that "residence" or "legal settlement" in a county requires that a proposed ward be "physically present" in that county or that she "actually dwell" in that county. See *LeSueur v. Robinson* (1988), 53 Ohio App.3d 9, 12, 557 N.E.2d 796, 799. He argues that Delores was not "physically present" in Wood County at the time the application for the appointment of a guardian was filed

---

1. Appellant's sole assignment of error reads:

    "The trial court erred in appointing a guardian of the person and estate of Delores Tripp because the trial court lacked subject matter jurisdiction pursuant to Ohio Revised Code § 2111.02."

and that, therefore, the probate court lacked jurisdiction to appoint a guardian for Delores under R.C. 2111.02.

In *LeSueur*, this court defined "residence" as the "actual physical presence of a person at some place of abode coupled with an intent to remain at that place for some period of time." *Id.*, 53 Ohio App.3d at 12, 557 N.E.2d at 799. The focus on "physical presence" in *LeSueur* was necessitated by the fact that the proposed ward was never actually physically present in the county in which a guardian was appointed. Thus, in that case we never contemplated a circumstance such as the one before us. Here, Delores Tripp was removed from her Wood County residence of over twenty years and placed in out-of-county facilities by order of the probate court. That placement was modifiable and subject to frequent review by the court. See R.C. 5101.67(E). There is no evidence in the record that Delores expressed an intent to remain in the facilities where she was placed. To the contrary, her son testified that she expressed a desire and intent to return to her home in Wood County. In addition, there was some evidence offered that Delores was physically present in Wood County on regular basis during the relevant time period. Accordingly, she could be considered to have two "residences"—one where she was placed for her well-being and one where she intended to remain and did, in fact, dwell at certain times. For these reasons, we find that for the jurisdictional requirements of R.C. 2111.02(A), Delores Tripp was a resident of or had legal settlement in Wood County. Accordingly, the Wood County Court of Common Pleas, Probation Division, had authority to appoint a guardian of the person and of the estate of Delores Tripp. Appellant's sole assignment of error is found not well taken.

On consideration whereof, the court finds that substantial justice was done the party complaining, and the judgment of the Wood County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

HANDWORK, MELVIN L. RESNICK and SHERCK, JJ., concur.