This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Dennis and Karleen Cope, both appeal from a judgment of divorce granted by the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms in part, reverses in part, and remands the case so that the divorce decree may be modified consistent with this opinion.
 I.
Appellant, Dennis Cope, and appellee, Karleen Cope, were married in 1973. Two children were born as issue of the marriage. Jenny, nineteen years old, was in college and Kate, sixteen years old, resided with her mother in Portage County at the time of the divorce. Dennis had moved to Stow, Ohio, when he and Karleen separated.
Karleen filed for divorce on August 31, 2000, in Summit County. Dennis filed a Motion to Dismiss or Transfer, arguing that Summit County was not a proper venue for the action. The trial court denied Dennis' motion, holding that Summit County was a proper venue.
The parties negotiated a property division, parenting plan, and child support agreement. Therefore, the sole issue before the trial court was the determination of spousal support. After a two-day trial, the trial court granted the parties a divorce, which incorporated all of the parties' stipulations and the shared parenting plan entered into by the parties. In addition, the trial court awarded Karleen spousal support in the amount of $2,500 per month. The trial court's judgment entry states that spousal support shall terminate upon either parties' death or Karleen's remarriage. The trial court retained jurisdiction to modify the amount or terms of spousal support.
Dennis timely appealed, setting forth two assignments of error for review. Karleen timely cross-appealed, raising one assignment of error.
 II. FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT DENIED HIS MOTION FOR CHANGE OF VENUE OR DISMISS THE ACTION."
Dennis argues that Summit County was an improper venue because he did not "reside" in Summit County. Dennis argues that under Civ.R. 3(B)(3), (9), and (11), Portage County was the proper venue.[1] This Court disagrees.
Civ.R. 3(B) deals with "proper" venue and states in pertinent part:
 "Any action may be venued, commenced and decided in any court in any county. * * * Proper venue lies in any one or more of the following counties:
"(1) The county in which the defendant resides;
 "(3) A county in which the defendant conducted activity that gave rise to the claim for relief;
 "(9) In actions for divorce, annulment, or legal separation, in the county in which the plaintiff is and has been a resident for at least ninety days immediately preceding the filing of the complaint;
 "(11) If there is no available forum in divisions (B)(1) to (B)(10) of this rule, in the county in which plaintiff resides, has his or her principal place of business, or regularly and systematically conducts business activity[.]"
Dennis cites State ex rel., Saunders v. Court of Common Pleas of AllenCty. (1987), 34 Ohio St.3d 15, 16, in which the Supreme Court of Ohio held:
 "`Resident' is not defined for purposes of Civ.R. 3(B)(9); however, this and other courts have construed R.C. 3105.03, which places a six-month state residence requirement on plaintiffs in divorce actions, as imposing a requirement for domicile in the sense of a permanent home, where one actually resides with intent to remain. A similar interpretation would seem to apply to Civ.R. 3(B)(9)." (Citations omitted.)
Dennis argues that he never intended to remain in Summit County. However, a review of the record shows that there was no indication that Dennis would not remain in Summit County. Dennis had entered into a lease for a condominium in Stow, Ohio. He was employed by Drake in Warren, Ohio.[2] On June 13, 2001, the parties entered into a shared parenting plan, which gave Dennis visitation with Kate one week day and one weekend day each week. Dennis obviously did not intend to leave Summit County when he signed the shared parenting plan. Karleen filed for divorce on August 30, 2000. At that time, Dennis clearly resided in Summit County. Therefore, Summit County was a proper venue for the action.
Dennis' first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY ABUSING ITS DISCRETION AND AWARDING AN EXCESSIVE DURATION OF SPOUSAL SUPPORT WHEN THE COURT FOUND THAT THE APPELLEE COULD BECOME GAINFULLY EMPLOYED."
In his second assignment of error, Dennis argues that the trial court committed reversible error in awarding Karleen spousal support for an unlimited duration. This Court disagrees.
An appellate court will not overturn a spousal support award unless the award is unreasonable, arbitrary, or unconscionable. Kahn v. Kahn
(1987), 42 Ohio App.3d 61, 66. The burden is on the party challenging the award to show that the award is unreasonable, arbitrary, or unconscionable in order for this Court to overturn the award. Shuler v.Shuler (Oct. 27, 1999), 9th Dist. No. 98CA007093. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
R.C. 3105.18(C)(1) sets forth the factors that a court must consider in determining an award of spousal support. R.C. 3105.18(C)(1) states:
 "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
"(a) The income of the parties * * *;
"(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
 "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 "(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
 "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 "(l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable."
Dennis has argued that the trial court abused its discretion in awarding Karleen spousal support for an indefinite period when Karleen clearly had the potential to become self-supporting. This Court disagrees.
This Court has previously held that need is not a basis for an award of spousal support, "[t]he only relevant question is what is `appropriate and reasonable' under the circumstances." Bowen v. Bowen (1999),132 Ohio App.3d 616, 626, quoting Schindler v. Schindler (Jan. 28, 1998), 9th Dist. No. 18243. Moreover, "`once the fourteen factors [under R.C. 3105.18(C)(1)] have been considered, the amount of spousal support is within the sound discretion of the trial court.'" Id., quoting Youngv. Young (Dec. 29, 1993), 9th Dist. No. 93CA005554.
In the divorce decree, the trial court stated that it had considered the factors under R.C. 3105.18(C)(1). A review of the record demonstrates that the spousal support is appropriate and reasonable given the circumstances of this case. At the time of the divorce, the parties had been married for twenty-eight years and had enjoyed an above average lifestyle. Karleen was forty-eight years old and had received no formal education past high school. Karleen had not been employed full time since the birth of the parties' first child in 1981. Karleen had been the primary care taker of the parties' two children. Dennis was forty-nine years old, making an above average salary as president of Drake Manufacturing Services ("Drake"). By the conclusion of the trial, Dennis had resigned from his position at Drake and had accepted a position with a company in Massachusetts with an increase in salary.
Dennis has also argued that the trial court erred in failing to establish a termination date for the award of spousal support. This Court disagrees.
Under the circumstances of the instant case, no specific termination date was required. The Supreme Court of Ohio has held that spousal support awards should generally terminate upon a date certain, except in cases involving a marriage of long duration or where a homemaker-spouse has little opportunity to develop meaningful employment outside the home. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus. "`[A] marriage of long duration "in and of itself would permit a trial court to award spousal support of indefinite duration without abusing its discretion or running afoul of the mandates of Kunkle."'"Bowen, 132 Ohio App.3d at 627, quoting Vanke v. Vanke (1994),93 Ohio App.3d 373, 377. In Bowen, this Court stated that a marriage of twenty years constituted a marriage of long duration, which justified an indefinite award. In the instant case, the parties were married for twenty-eight years, and therefore, the trial court did not abuse its discretion in failing to provide a termination date for the spousal support award.
Accordingly, this Court finds Dennis' argument is without merit.
 III. CROSS-APPEAL "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS CALCULATION OF CHILD SUPPORT PURSUANT TO R.C. 3119.021 AND 3119.022."
In her sole assignment of error, Karleen asserts that the trial court used the wrong income for Dennis when completing the child support calculation worksheet. This Court agrees.
R.C. 3119.021 sets forth the child support schedule. R.C. 3119.022
provides a computation worksheet that must be used when determining the amount of child support to be paid under a shared parenting order. Pursuant to R.C. 3119.022, the worksheet must contain the annual gross income as well as the amount of bonuses received over the last three years for both father and mother.
On June 13, 2001, the parties entered into a shared parenting plan, which provided that Dennis would pay child support in the amount of $680.08 per month. At that time, Dennis was employed by Drake and had a total income for child support calculation purposes of $106,272. However, Dennis resigned his position at Drake and accepted a position with a company in Massachusetts effective July 27, 2001. Therefore, the trial court abused its discretion by failing to include Dennis' salary increase effective July 27, 2001, in its child support computation worksheet. The case shall be remanded to the trial court for the sole purpose of recalculating the amount of child support that Dennis shall pay.
Karleen's cross-assignment of error is sustained.
 IV.
The decision of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part. This case is remanded to the trial court for a recalculation of the amount of child support.
SLABY, P.J., BAIRD, J. CONCUR.
[1] Although Dennis' brief cites Civ.R. 3(A)(3)(9), and (10), this Court assumes that Dennis is referring to Civ.R. 3(B)(3), (9), and (11), as there is no Civ.R. (A)(3), (9), and (10).
[2] Dennis did not resign from his position at Drake until July 2001.