THE STATE EX REL. FLORENCE *v.* ZITTER, JUDGE.

[Cite as *State ex rel. Florence v. Zitter,*
106 Ohio St.3d 87, 2005-Ohio-3804.]

(No. 2005–0260—Submitted May 10, 2005—Decided August 10, 2005.)

**Per Curiam.**

{¶ 1} This is an action for a writ of prohibition to prevent a probate judge from proceeding in a guardianship case.

{¶ 2} Relator, Ermal Florence, is the 92– or 93–year–old widow of Glen Florence and the mother of four adult children: Glen Florence Jr., Harold Florence, Janet Smelser, and Larry Florence. Glen Florence owned a family farm and livestock business, and he and Ermal lived in a home on the farm in Mercer County, Ohio. After Glen died in 1972, his partner operated the business until the mid–1980s, when Glen Jr. and Larry took over the business. Around that time, Ermal granted a power of attorney to her son Glen Jr. and transferred the farm to Glen Jr. and Larry. Ermal continued to live at her Mercer County home.

{¶ 3} In January 2002, Ermal granted a power of attorney to her son Harold and revoked any previous powers of attorney. In early 2002, Ermal left her Mercer County home and went to live with Harold and his family in Miami County, Ohio. She also stayed in South Carolina with her daughter, Janet, during part of 2002. In August 2003, because of her deteriorating physical condition, Ermal began living at The Inn at Fox Run, an assisted-living facility in Clark County, Ohio. She is currently a full-time resident of that facility.

{¶ 4} In March 2002, Glen Jr. and Larry questioned the propriety of alleged transfers of real property and other assets from Ermal to Harold and Janet. Ermal, Harold, and Janet then filed suit in the Mercer County Common Pleas Court against Glen Jr. and Larry, alleging that they had breached their fiduciary duties to Ermal.

{¶ 5} On August 26, 2004, Glen Jr. and Larry applied in the Mercer County Court of Common Pleas, Probate Division, for the appointment of a guardian for Ermal. Glen Jr. and Larry claimed that Ermal was incompetent because of physical illness or disability. Glen Jr. and Larry further alleged that Harold had abruptly taken Ermal from her Mercer County home despite her desire to remain in Mercer County.

{¶ 6} On October 6, 2004, respondent, Judge Mary Pat Zitter of the Mercer County Probate Court, held a pretrial hearing at which she announced that she would appoint attorney Angela R.M. Nickell as the guardian ad litem for Ermal. An entry reflecting the assignment was not filed until February 10, 2005. Ermal's counsel initially mistakenly believed that Judge Zitter had appointed a guardian with the power to order Ermal to perform certain actions.

{¶ 7} On December 8, 2004, Nickell submitted a report to the parties and Judge Zitter. Nickell detailed her meeting with Ermal at the assisted-living facility. Nickell described Ermal as confused about how she had become a resident in the Clark County facility and adamant about wanting to return home to Mercer County. Nickell recommended that Ermal be examined by a physician who is able to diagnose the limits of her dementia and that Ermal be moved to a nursing-care facility near her Mercer County home.

{¶ 8} By entry dated December 22, 2004, based upon Nickell's report, Judge Zitter ordered Ermal returned to Mercer County for a 30–day period during which she would be examined by her long-time family physician and a physician specializing in elder care and the diagnosis of Alzheimer's disease and dementia. Judge Zitter also ordered that Ermal spend Christmas Eve and Christmas in Mercer County.

{¶ 9} On December 28, 2004, Ermal appealed Judge Zitter's December 22, 2004 order and requested a stay. The court of appeals granted a stay of the December 22, 2004 order because of a physician's affidavit statement that Ermal was "unable to undergo any type of mental health evaluation without serious risk to her health, particularly if she is removed from her current assisted living facility." The court of appeals also noted that the December 22, 2004 entry gave no rationale for Ermal's return to Mercer County.

{¶ 10} On January 19, 2005, Judge Zitter ordered Ermal to remain in Ohio so that her mental competency could be examined. Judge Zitter further ordered the guardian ad litem to arrange for Ermal to be examined at her assisted-care facility in Clark County.

{¶ 11} On February 4, 2005, Ermal filed this action for a writ of prohibition to prevent Judge Zitter from exercising jurisdiction over the underlying guardianship case. Ermal also requests a writ of prohibition to prevent Judge Zitter from (1) exercising jurisdiction in the case pending Ermal's appeal of her December 22, 2004 order, (2) using a guardian ad litem to conduct ex parte communications with Ermal outside the presence of her counsel, (3) conducting ex parte communications with the guardian ad litem, and (4) considering or using reports created by the guardian ad litem through ex parte communications with Ermal. After Judge Zitter moved to dismiss and for summary judgment, we denied the motions and granted an alternative writ. *State ex rel. Florence v. Zitter*, 105 Ohio St.3d 1460, 2005-Ohio-1038, 824 N.E.2d 89.

{¶ 12} The parties then filed evidence and briefs. Although Ermal filed evidence suggesting that she had *voluntarily* left her Mercer County home in early 2002, Judge Zitter's evidence indicated otherwise. In addition, although Ermal claimed that Judge Zitter had engaged in ex parte communications with the guardian ad litem and the court of appeals, Judge Zitter's evidence, including

affidavits of the judge, the guardian ad litem, and opposing counsel in the guardianship case, contradicted Ermal's claim.

{¶ 13} This cause is now before the court for a consideration of the merits.

## Prohibition: General Standards

{¶ 14} In order to be entitled to the requested writ of prohibition, Ermal must establish that (1) Judge Zitter is about to exercise judicial power, (2) the exercise of that power is not authorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Mason v. Griffin,* 104 Ohio St.3d 279, 2004-Ohio-6384, 819 N.E.2d 644, ¶ 12. It is uncontroverted here that Judge Zitter has exercised and is continuing to exercise judicial authority in the underlying guardianship proceeding.

{¶ 15} Regarding the remaining requirements for the writ, " '[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal.' " *State ex rel. Conkle v. Sadler,* 99 Ohio St.3d 402, 2003-Ohio-4124, 792 N.E.2d 1116, ¶ 8, quoting *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 428–429, 751 N.E.2d 472.

{¶ 16} Conversely, " '[i]f a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions.' " *State ex rel. Columbia Gas of Ohio, Inc. v. Henson,* 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, ¶ 12, quoting *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12. Thus, " '[i]n cases of a patent and unambiguous lack of jurisdiction, the requirement of a lack of an adequate remedy of law need not be proven because the availability of alternate remedies like appeal would be immaterial.' " *State ex rel. Morenz v. Kerr,* 104 Ohio St.3d 148, 2004-Ohio-6208, 818 N.E.2d 1162, ¶ 14, quoting *State ex rel. State v. Lewis,* 99 Ohio St.3d 97, 2003-Ohio-2476, 789 N.E.2d 195, ¶ 18.

{¶ 17} Ermal asserts that Judge Zitter patently and unambiguously lacks jurisdiction over the guardianship proceeding because (1) Ermal has not lived or been physically present in Mercer County for over three years and (2) the guardianship proceeding is the subject of a pending appeal in the Court of Appeals for Mercer County. Ermal also claims that Judge Zitter lacked authority (1) to appoint a guardian ad litem or initiate ex parte communications between the guardian ad litem and Ermal, (2) to engage in ex parte communications with the guardian ad litem or others concerning the case, and (3) to consider or use reports obtained through ex parte communications with Ermal. These claims are next considered.

R.C. 2111.02(A): Residence or Legal Settlement

{¶ 18} Under R.C. 2111.02(A), "[w]hen found necessary, the probate court on its own motion or on application by any interested party shall appoint * * * a guardian of the person, the estate, or both, of a minor or incompetent, *provided the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement in the county * * *.*"  (Emphasis added.)

{¶ 19} R.C. 2111.02(A) precludes courts "from providing a guardian for a ward who does not reside, or have a legal settlement, in the county." *In re Guardianship of Fisher* (1993), 91 Ohio App.3d 212, 215, 632 N.E.2d 533; *In re Tripp* (1993), 90 Ohio App.3d 209, 210–211, 628 N.E.2d 139.  "Residence requires the actual physical presence at some abode coupled with an intent to remain at that place for some period of time." *Fisher*, 91 Ohio App.3d at 215, 632 N.E.2d 533; *LeSueur v. Robinson* (1988), 53 Ohio App.3d 9, 12, 557 N.E.2d 796.  " '[L]egal settlement' connotes living in an area with some degree of permanency greater than a visit lasting a few days or weeks." *Fisher*, 91 Ohio App.3d at 216, 632 N.E.2d 533.

{¶ 20} Ermal claims that Judge Zitter patently and unambiguously lacks jurisdiction over the guardianship case because Ermal was neither a resident of nor had a legal settlement in Mercer County at the time that case commenced.  For the following reasons, however, Judge Zitter does not patently and unambiguously lack jurisdiction over the guardianship proceeding on that basis.

{¶ 21} First, it is not clear that the residency or legal-settlement requirement of R.C. 2111.02(A) is jurisdictional.  Although some courts have held this prerequisite to be jurisdictional, see, e.g., *LeSueur*, 53 Ohio App.3d at 12, 557 N.E.2d 796, *Tripp*, 90 Ohio App.3d at 211, 628 N.E.2d 139, and *Fisher*, 91 Ohio App.3d at 215–216, 632 N.E.2d 533, other courts and commentators have not.  See *In re Guardianship of Friend* (Dec. 16, 1993), Cuyahoga App. No. 64018, 1993 WL 526643, * 5–7;  2 Carlin, Merrick–Rippner Probate Law (2001) 182, Section 62:15 ("If there is a question of residence or legal settlement in the application process see *In re Guardianship of Friend* for a discussion of venue and subject matter jurisdiction in guardianship proceedings" [footnote omitted] ).

{¶ 22} In *Friend*, the court of appeals held—as Judge Zitter argues—that the R.C. 2111.02(A) residency/legal-settlement requirement relates to venue rather than jurisdiction:

{¶ 23} "To begin, [appellant's] argument confuses the concepts of venue and subject matter jurisdiction.  Subject matter jurisdiction of a court connotes the power of that court to hear and decide the matter before it, which in the present case is its power to adjudicate guardianship applications.  Venue, on the other hand, connotes the geographic locale where the matter should be heard.  If the probate court has subject matter jurisdiction, venue determines which probate

court, among the eighty-eight counties in Ohio, is the most convenient or proper court. Moreover, improper venue does not deprive a court of its jurisdiction to hear an action. If an action is brought in an inappropriate venue and the opposing party files a timely challenge to the venue, the court should transfer the action to a proper venue." (Citations omitted.) Id. at * 5; cf. *In re Guardianship of Stein*, 105 Ohio St.3d 30, 2004-Ohio-7114, 821 N.E.2d 1008, ¶ 26 (court noted that "the parties do not appear to contest the probate court's finding of residency [under R.C. 2111.02(A) ] or of jurisdiction").

{¶ 24} If Judge Zitter is correct that this requirement relates to venue, it will not be enforced by prohibition. "Extraordinary relief in mandamus or prohibition generally does not lie to challenge a decision on a motion to change venue because appeal following a final judgment provides an adequate legal remedy." *State ex rel. Banc One Corp. v. Walker* (1999), 86 Ohio St.3d 169, 173, 712 N.E.2d 742.

{¶ 25} Second, even assuming that the R.C. 2111.02(A) residency/legal-settlement requirement is jurisdictional, courts have held that if an apparent change of residence is involuntary, the residence remains the place before the forced move. See *State ex rel. Saunders v. Allen Cty. Court of Common Pleas* (1987), 34 Ohio St.3d 15, 16, 516 N.E.2d 232 ("precedent in this state indicates that * * * residence is not altered by imprisonment or other involuntary commitment"); *In re Guardianship of Goins*, Mahoning App. No. 02–CA–163, 2003-Ohio-931, 2003 WL 685878, ¶ 45, quoting *Murray v. Remus* (App.1925), 4 Ohio Law Abs. 7, 1925 WL 2426 (" 'Residence in a place, to produce a change of domicile, must be voluntary. If therefore it be by constraint [or] involuntary, as arrest, imprisonment, etc., the antecedent domicile of the party remains' ").

{¶ 26} The record includes allegations and evidence that Ermal has lived in Mercer County for most of her life, that she did not intend to leave her Mercer County home permanently when she left in 2002, that she remains confused about why she is in a nursing home in Clark County, and that she still considers Mercer County her home. The evidence is thus conflicting on whether Ermal voluntarily left Mercer County and intended never to return. Cf. *State ex rel. Toma v. Corrigan* (2001), 92 Ohio St.3d 589, 593, 752 N.E.2d 281, quoting *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 238, 638 N.E.2d 541 (" 'Where personal jurisdiction turns upon some fact to be determined by the trial court, its ruling that it has jurisdiction, if wrong, is simply error for which prohibition is not the proper remedy' ").

{¶ 27} Third, Ermal cites no case in which extraordinary relief in prohibition has been granted based on the R.C. 2111.02(A) residency/legal-settlement requirement. See *State ex rel. Nalls v. Russo*, 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶ 24, quoting *Banc One*, 86 Ohio St.3d at 172, 712 N.E.2d 742

(" 'Significantly, most of the authorities relied on by appellants were resolved by appeal rather than by extraordinary writ' ").

{¶ 28} Therefore, R.C. 2111.02(A) does not *patently and unambiguously* divest Judge Zitter of jurisdiction over the guardianship case, and Ermal has an adequate remedy by appeal following final judgment to raise her claims. We need not rule on the merits of this contention, because our duty is limited to determining whether jurisdiction is patently and unambiguously lacking. *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 431, 751 N.E.2d 472.

### Appeal of December 2004 Judgment

{¶ 29} Ermal next contends that Judge Zitter patently and unambiguously lacks jurisdiction to proceed in the guardianship case during the pendency of Ermal's appeal from Judge Zitter's December 22, 2004 judgment. "[W]e have consistently held that once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." *State ex rel. Rock v. School Emp. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8.

{¶ 30} Ermal's appeal does not patently and unambiguously divest Judge Zitter of jurisdiction. The judgment appealed by Ermal had ordered her to be returned to Mercer County for 30 days for examination by physicians and to spend Christmas Eve and Christmas in Mercer County. The court of appeals' stay of that judgment pending appeal focused on the potential risk to Ermal's health if she were removed from her assisted-living facility and returned to Mercer County. Judge Zitter's actions thereafter did not order Ermal to return to Mercer County. Consequently, Judge Zitter is not necessarily interfering with the court of appeals' jurisdiction to reverse, modify, or affirm the December 22, 2004 judgment, and Ermal's claim is not cognizable in prohibition.

### Appointing a Guardian Ad Litem

{¶ 31} Ermal asserts that she is entitled to a writ of prohibition to prevent the appointment of a guardian ad litem for her in the guardianship proceeding. "Probate courts are courts of limited jurisdiction, and probate proceedings are consequently restricted to actions permitted by statute and the Ohio Constitution." *State ex rel. Goldberg v. Mahoning Cty. Probate Court* (2001), 93 Ohio St.3d 160, 162, 753 N.E.2d 192; *Corron v. Corron* (1988), 40 Ohio St.3d 75, 531 N.E.2d 708, paragraph one of the syllabus.

{¶ 32} "Under R.C. 2101.24(A)(1)(e), the probate court has exclusive jurisdiction to appoint and remove guardians * * *." *In re Guardianship of Lauder*, 150 Ohio App.3d 277, 2002-Ohio-6102, 780 N.E.2d 1025, ¶ 36. In addition, R.C. 2111.23 authorizes probate courts to appoint a guardian ad litem for any person for whom no guardian is appointed "[w]henever a minor or other person under

legal disability * * * is interested in any suit or proceeding in such court." Further, under R.C. 2111.031, "[i]n connection with an application for the appointment of a guardian for an alleged incompetent, the court may appoint physicians and other qualified persons to examine, investigate, or represent the alleged incompetent, to assist the court in deciding whether a guardianship is necessary."

{¶ 33} Given the evidence that Ermal was confused and might never have intended to leave her Mercer County home and the probate court's interest in determining the veracity of the conflicting allegations of Ermal's children, Judge Zitter did not patently and unambiguously lack jurisdiction to appoint a guardian ad litem for Ermal. Notably, Ermal's counsel mistook the guardian ad litem for an ordinary guardian. See *In re Guardianship of Bowen* (Apr. 22, 1993), Pickaway App. No. 92–CA–25, 1993 WL 148829, * 4 ("A guardian *ad litem* * * * is a *special* guardian appointed by the court during a particular proceeding to protect the interests of the ward in that proceeding" [emphasis sic]); see, also, *In re Guardianship of Rudy,* (1992), 65 Ohio St.3d 394, 396, 604 N.E.2d 736 ("The order by a probate court appointing a guardian cannot be collaterally impeached").

## Ex Parte Communications

{¶ 34} Finally, Ermal is not entitled to a writ of prohibition concerning alleged ex parte communications in the guardianship case, because she has an adequate remedy at law. See, e.g., *State ex rel. Kuczak v. Saffold* (1993), 67 Ohio St.3d 123, 125, 616 N.E.2d 230 (writ of mandamus will not issue to require judge to refrain from ex parte communications, because, inter alia, relator has an adequate remedy at law by appeal). And insofar as Ermal claimed that Judge Zitter and the guardian ad litem engaged in improper ex parte communications, Judge Zitter introduced evidence contradicting Ermal's evidence.

## Conclusion

{¶ 35} Based on the foregoing, Ermal has not established that Judge Zitter patently and unambiguously lacks jurisdiction to proceed in the guardianship case. Consequently, Ermal is not entitled to the requested extraordinary writ of prohibition, because she has an adequate remedy by way of appeal to raise her claims. Accordingly, we deny the writ.

Writ denied.

MOYER, C.J., RESNICK, PFEIFER and O'CONNOR, JJ., concur.

LUNDBERG STRATTON, O'DONNELL and LANZINGER, JJ., dissent.

**O'DONNELL, J., dissenting.**

{¶ 36} I respectfully dissent.

{¶ 37} Ermal Florence, an elderly widow and mother of four adult children, who is a resident of Clark County, seeks a writ of prohibition to prevent Judge Mary Pat Zitter of the Mercer County Probate Court from exercising jurisdiction in a matter concerning the appointment of a guardian for her. In addition, she seeks to prevent the judge from exercising jurisdiction over the case pending her appeal of a December 22, 2004 order—which required her to return to Mercer County for Christmas and for medical evaluations—and to end certain practices involving alleged ex parte communications with the guardian ad litem.

{¶ 38} Ermal Florence has not resided in Mercer County for three years. Since August 2003, she has resided in Clark County at The Inn at Fox River, an assisted-living facility. Before moving there, she left Mercer County in 2002 to live in Miami County with her son Harold, to whom she granted a power of attorney. During that year, she also stayed with her daughter in South Carolina for a few months.

{¶ 39} The underlying issue in this case, which I believe we should address, is whether the residency requirement of R.C. 2111.02(A) is a prerequisite to the Mercer County Probate Court's exercise of jurisdiction in a guardianship proceeding over Ermal Florence.

{¶ 40} R.C. 2111.02(A) states:

{¶ 41} "When found necessary, the probate court on its own motion or on application by any interested party shall appoint * * * a guardian of the person, the estate, or both, of a minor or incompetent, *provided the person for whom the guardian is to be appointed is a resident of the county or has a legal settlement in the county * * *.*" (Emphasis added.)

{¶ 42} As the majority acknowledges, this statute precludes courts "from providing a guardian for a ward who does not reside, or have a legal settlement, in the county." *In re Guardianship of Fisher* (1993), 91 Ohio App.3d 212, 215, 632 N.E.2d 533; *In re Tripp* (1993), 90 Ohio App.3d 209, 210–211, 628 N.E.2d 139.

{¶ 43} The Second, Third, Sixth, and Twelfth Appellate Districts treat this requirement as a prerequisite to exercising jurisdiction in a guardianship proceeding. See, e.g., *In re Guardianship of Worth* (June 20, 1997), 2d Dist. No. 1430, 1997 WL 335559; *In re Guardianship of Fisher* (3d Dist.1993), 91 Ohio App.3d 212, 632 N.E.2d 533; *In re Tripp* (6th Dist.1993), 90 Ohio App.3d 209, 628 N.E.2d 139; *LeSueur v. Robinson* (6th Dist.1988), 53 Ohio App.3d 9, 557 N.E.2d 796; *In re Guardianship of Meucci* (Dec. 26, 2000), 12th Dist. No. CA2000–03–046, 2000 WL 1875737.

{¶ 44} The Eighth Appellate District, however, has ruled to the contrary, holding that the residency requirement relates only to venue. *In re Guardianship of Friend* (Dec. 16, 1993), Cuyahoga App. No. 64018, 1993 WL 526643.

{¶ 45} By way of comparison, although this court has not expressly addressed the issue, we recently applied the residency requirement in *In re Guardianship of Stein,* 105 Ohio St.3d 30, 2004-Ohio-7114, 821 N.E.2d 1008, at ¶ 26, writing: "[T]he parties do not appear to contest the probate court's finding of residency or of jurisdiction. We, therefore, hold that [the minor] is a resident of Summit County for purposes of this case under R.C. 2111.02(A), and the probate court had jurisdiction to consider these questions."

{¶ 46} A probate court possesses only the jurisdiction conferred by statute and the Ohio Constitution. Section 4(B), Article IV, Ohio Constitution; *Corron v. Corron* (1988), 40 Ohio St.3d 75, 531 N.E.2d 708, paragraph one of the syllabus. R.C. 2101.24(A)(1)(e) grants probate courts exclusive jurisdiction to appoint and remove guardians. See, also, *State ex rel. Lewis v. Moser* (1995), 72 Ohio St.3d 25, 29, 647 N.E.2d 155. My analysis indicates that R.C. 2111.02(A) further defines that jurisdiction.

{¶ 47} Thus, in my view, the residency requirement of R.C. 2111.02(A) is jurisdictional and must be satisfied before a probate court may exercise jurisdiction over a person for whom a guardian is to be appointed. See *In re Guardianship of Fisher,* supra, 91 Ohio App.3d at 215, 632 N.E.2d 533; see, generally, *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶ 11–12 (explaining the different categories of jurisdiction). Because Ermal has neither resided in nor had a legal settlement in Mercer County for more than three years, I would hold that the Mercer County Probate Court patently and unambiguously lacks jurisdiction to adjudicate any matters relating to a guardianship over her. See *State ex rel. Columbia Gas of Ohio, Inc. v. Henson,* 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d .953, ¶ 13 (stating the legal standard for granting a writ of prohibition).

{¶ 48} Unquestionably, the Clark County Probate Court has jurisdiction to adjudicate matters with respect to the appointment of a guardian for Ermal Florence and would be equally able to determine issues of undue influence or matters concerning whether she had been taken against her will from Mercer County. To authorize the Mercer County Probate Court to also exercise jurisdiction over her only confuses the issue of jurisdiction because a probate court should not follow its former residents into other counties for purposes of establishing guardianships over them. That is what occurred in this instance, and it forms the basis of Ermal Florence's objection and is the reason she seeks the writ of prohibition. I would grant the writ.

LUNDBERG STRATTON and LANZINGER, JJ., concur in the foregoing dissenting opinion.

---

James M. Hill Co., L.P.A., and James M. Hill, for relator.

Andrew J. Hinders, Mercer County Prosecuting Attorney, and Amy B. Ikerd, Assistant Prosecuting Attorney, for respondent.