JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Jeffrey Barth ("appellant") appeals the decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
I.
 {¶ 2} Plaintiff-appellee Andrea Barth ("appellee") filed her complaint for divorce in Ohio on August 24, 2004. On September 2, 2004, appellant filed his answer, alleging lack of subject matter jurisdiction as an affirmative defense. Appellant filed a motion to dismiss for jurisdictional reasons on September 16, 2004. Appellee replied with a brief in support of jurisdiction filed on September 17, 2004 and supplemented her brief on September 21, 2004. Appellant filed a supplemental brief in support of his original motion on September 21, 2004.
 {¶ 3} On October 14, 2004, the trial court magistrate issued a decision overruling appellant's motion to dismiss. Appellant filed objections to the magistrate's decision on a motion to extend time to file objections on March 1, 2005, along with the transcript of the proceedings. Appellee responded to the objections on March 21, 2005. Appellant filed his reply brief to the appellee's brief in opposition on May 5, 2005. On May 6, 2005, the trial court overruled appellant's objections to the magistrate's decision and his motion to dismiss. The trial court adopted the magistrate's decision, and on June 2, 2005, appellant filed a timely notice of appeal from the trial court's decision of May 6, 2005.
 {¶ 4} According to the record, the parties were married on December 30, 1989. Two children were born of the marriage; Sarah was born on October 27, 1994 and Alexander was born on October 14, 1996. The family moved to Ohio in 1994 and resided here until appellant took a job as an in-house auditor for Sybron Dental Specialties in California on February 16, 2004. He was formerly employed by Ernst Young in Cleveland. The appellee and their children remained in Ohio when the appellant moved to California in February 2004.
 {¶ 5} Appellant met a woman named Britain Semain when he was in California. There is some dispute as to Britain's relationship with appellant. While her husband was in California, appellee took a one-year leave of absence from her job in pharmaceutical sales at Abbott Laboratories in February 2004. She arranged for the sale of the parties' Westlake, Ohio home. Appellee and her children vacated the home on June 20, 2004, and she and her children visited relatives in Atlanta and Florida prior to arriving in California on July 12, 2004.
 {¶ 6} Appellee stated that she felt her husband's behavior was peculiar during the short time they were together in California. Appellee further stated that she believed her husband delayed her arrival, went away on business and stayed out late in order to allow the six-month residency period to expire.
 {¶ 7} On August 2, 2004, appellee and appellant got into a disagreement concerning their marriage. Prior to this disagreement, appellant had been out of the country for approximately four weeks, between July 12, the date of arrival in California and August 19, 2004, the day before the argument at the airport. Appellee was in California for only five weeks prior to the August 20 airport argument. After the argument at the airport, appellant drove his wife from the airport to the California address and dropped her off without her car. Appellant then left with Semain.
 {¶ 8} The following day, August 21, 2004, appellee left California with the help of her mother, who had flown to California from Florida to help her.
 {¶ 9} On August 16, 2004, appellant established the six-month residency necessary to file for divorce in California. Appellee filed for divorce in Ohio on August 24, 2004, and appellant filed for divorce in California on August 25, 2004.
 II. {¶ 10} Appellant's first assignment of error states the following: "The trial court erred as a matter of law when it adopted the magistrate's decision and found the appellee has subject matter jurisdiction where there was insufficient evidence to establish jurisdiction over the appellant."
 {¶ 11} Appellant's second assignment of error states the following: "The trial court erred in adopting the magistrate's decision when it failed to consider all factors in R.C. 3109.21
et seq. in determining UCCJA issues."
 {¶ 12} Appellant's third assignment of error states the following: "The trial court erred when it failed to find the appellee was not acting with clean hands."
 {¶ 13} Appellant's fourth assignment of error states the following: "The trial court erred when it failed to dismiss the complaint for the appellant failing to comply with Local Rule 33."
 III. {¶ 14} Appellant argues that the lower court erred regarding subject matter jurisdiction. We do not find appellant's argument to have merit.
 {¶ 15} The residency requirement for obtaining a divorce in Ohio is set forth in R.C. 3105.03, which states the following:
"§ 3105.03. Place where action shall be brought
"The plaintiff in actions for divorce and annulment shall have been a resident of the state at least six months immediately before filing the complaint. Actions for divorce and annulment shall be brought in the proper county for commencement of action pursuant to the Rules of Civil Procedure. The court of common pleas shall hear and determine the case, whether the marriage took place, or the cause of divorce or annulment occurred, within or without the state.
"Actions for legal separation shall be brought in the proper county for commencement of actions pursuant to the Rules of Civil Procedure."
 {¶ 16} "The word `residence' in R.C. 3105.03 means `domiciliary residence,' a concept which has two components: (1) an actual residence in the jurisdiction, and (2) an intention to make the state of jurisdiction a permanent home. [Citations omitted.]" Hagar v. Hagar (1992), 79 Ohio App.3d 239, 244.
 {¶ 17} Plaintiff's domicile in a divorce action is a question of intent, and plaintiff's representation will be accepted unless facts and circumstances establish that plaintiff's claimed intent cannot be accepted as true. Polakova v. Polak (Dec. 13, 1995),107 Ohio App.3d 745.
 {¶ 18} Intent is a subjective fact seldom susceptible of proof by direct evidence, and ordinarily it must be ascertained by a consideration of the objective facts and the inferences fairly to be drawn therefrom. 42 Ohio Jurisprudence 3d 535-537, Evidence and Witnesses, Section 238.
 {¶ 19} To satisfy R.C. 3105.03 as to the statutory meaning of "resident," one must display physical presence and intention to be a resident of this state; once these two elements coexist, a departure from this state is insignificant, unless the departure is with the intent to change domicile. Drazen v. Drazen (May 8, 1981), Marion App. No. 9-80-44.
 {¶ 20} The trial court provided some guidance regarding its decision in the case at bar when it stated the following:
"The magistrate finds that the potential future connections, as between Ohio and California, are equal, and are dependent upon where the children actually reside. However, the present connections, including teachers, doctors, coaches, counselors, friends and acquaintances, are far more pervasive in Ohio thanin California, where the children only resided for a few weeks."[1]
(Emphasis added.)
 {¶ 21} After evaluating the record, we agree with the trial court's assessment that the present Ohio connections are far more pervasive than any California ties.
 {¶ 22} We also find that appellee was incapable of forming an actual intent to make California her domicile or residence because she was without knowledge of facts sufficient to form reliable and specific intent. Appellee was unaware of her husband's prior girlfriends and predivorce planning, i.e., the portfolio.
 {¶ 23} Although appellee in the case at bar applied for public utility services, changed addresses on credit card accounts, and sent out cards indicating that she had moved, she never possessed adequate knowledge of the facts, such that she could form reliable and specific intent.
 {¶ 24} The record demonstrates that before the appellant moved to California, the family had lived together in Ohio for approximately ten years. The family had put down roots in Ohio; the vast majority of the children's friends, teachers, doctors, coaches, and acquaintances lived in Ohio. In addition, appellee was unaware of her husband's philandering and did not possess the requisite intent to change her domicile.
 {¶ 25} Furthermore, the acts upon which domicile is determined must be voluntary. A voluntary act must be predicated upon full knowledge of the circumstances and consequences. To result in a change in domicile for purposes of R.C. 3105.03, a new residence must be voluntarily acquired.
 {¶ 26} In Murray v. Remus (App. 1925), 4 Ohio Law Abs. 7, motion to certify overruled (1925), 3 Ohio Law Abs. 690, 691, the court of appeals for Hamilton County held:
"4. `Residence in a place, to produce a change of domicile, must be voluntary. If therefore it be by constraint orinvoluntary, as arrest, imprisonment, etc., the antecedentdomicile of the party remains.'"
 {¶ 27} "Voluntary" is defined as "unconstrained by interference; unimpelled by another's influence; spontaneous; acting of one-self. Coker v. State, 199 Ga. 20, 33 S.E.2d 171,174. Done by design or intention. Proceeding from free and unrestrained will of the person. Produced in or by an act of choice. Resulting from free choice. The word, especially in statutes, often implies knowledge of essential facts * * *."[2]
 {¶ 28} A trial judge is the sole judge of the credibility of the witnesses and of the evidence. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 81. A reviewing court will not reverse a judgment when it is supported by some competent, credible evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279, syllabus.
 {¶ 29} The evidence in the record demonstrates that appellee and her children have significantly stronger ties to Ohio than California. Moreover, the Ohio court, and not the California court, had jurisdiction over the children. Appellee did not possess full knowledge of the circumstances and, as a result, did not voluntarily change her domicile as far as the requirements of R.C. 3105.03 are concerned. After evaluating the substantial and detailed evidence in the record, we find no error on the part of the trial court.
 {¶ 30} Appellant's first assignment of error is overruled.
 {¶ 31} Appellant argues in his second assignment of error that the trial court erred when it failed to consider all factors in R.C. 3109.21. R.C. 3109.21 governs definitions and has since been repealed and amended for the purpose of adopting new section numbers. Accordingly, R.C. 3109.21 has since been replaced by R.C. 3127.01, Definitions.[3]
 {¶ 32} The facts in the case at bar are distinguishable from the non-controlling out-of-state cases appellant cites in his brief. The wife in the case sub judice was already watching the children for the majority of the time when her husband was out of the state and country. Moreover, the wife notified the husband of the children's whereabouts in a timely manner.
 {¶ 33} The Ohio trial court already determined that it would be in the best interest of the children to remain in Ohio where they have more pervasive contacts and have lived all of their lives. The Ohio court already addressed and ruled upon the issues presented by appellant.
 {¶ 34} Appellant's second assignment of error is overruled.
 {¶ 35} Appellant argues in his final two assignments of error that appellee acted with "unclean hands," and the trial court failed to comply with Loc.R. 33.
 {¶ 36} The doctrine of unclean hands states the following: "He who seeks equity must come with clean hands. Equity is based upon what is perceived as fair under the circumstances of each case and, when both parties are guilty of injustice, a court of equity will leave them as they are." Patterson v. Blanton
(1996), 109 Ohio App.3d 349, 354.
 {¶ 37} The evidence in the record demonstrates appellee was not guilty of any misconduct in this case. Accordingly, she has not violated the doctrine of unclean hands.
 {¶ 38} Loc.R. 33 provides, in pertinent part:
"A person may apply to be designated as a `Standing Special Process Server' for cases filed in this Court by filing an application supported by an affidavit setting forth the following information:
(1) the name, address and telephone number of applicant;
(2) that the applicant is eighteen years of age or older;
(3) that the applicant agrees not to accept service of process in any case which the applicant is a party or counsel for a party;
(4) that the applicant agrees to follow the requirements of Civil Rules 4 through 4.6, and any applicable local rules, and specific instructions for service of process as ordered by the court in individual cases."
 {¶ 39} Appellant argues that appellee did not comply with Rule 33 of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations. Rule 33 applies to standing special process servers. The process server in the case at bar was not a standing special process server; accordingly, Rule 33 does not apply. The person who made service of the summons and complaint upon appellant was Mary Beth Holloway, a California attorney, who was appointed by the trial court in accord with Civ.R. 4.3(B)(2), which reads in pertinent part as follows:
"* * * Service under this division may be made by any person not less than eighteen years of age who is not a party and who has been designated by order of court * * *."
 {¶ 40} The fact that Mary Beth Holloway was appellee's counsel in the divorce case filed by appellant in California is irrelevant to service in this case. Division of Domestic Relations Rule 33 does not set forth the prohibitions described by appellant. The rule prohibits acceptance of service of process by the standing special process server in any case in which the standing special process server is a party or is counsel for a party. Mary Beth Holloway is not a party to this Ohio action nor is she counsel of record in this action for any party.
 {¶ 41} Accordingly, appellant's third and fourth assignments of error are overruled.
 {¶ 42} The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Mary Eileen Kilbane, J., concurs;
 COLLEEN CONWAY COONEY, P.J., DISSENTS. (SEE SEPARATEDISSENTING OPINION.)
[1] See magistrate's decision, dated October 14, 2004.
[2] See Black's Law Dictionary (4th Ed.) 1413.
[3] "(A) As used in the Revised Code, `uniform child custody jurisdiction and enforcement act' means the act addressing interstate recognition and enforcement of child custody orders adopted in 1997 * * *. (B) As used in sections 3127.01 to 3127.53
of the Revised Code:
(1) `Abandoned' means the parents of a child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that ninety-day period.
(2) `Child' means an individual who has not attained eighteen years of age. * * *"
 DISSENTING OPINION